(No. 43412.—

MIDWEST FREIGHT FORWARDING COMPANY, INC., *et al.,* Appellees, *vs.* JOHN W. LEWIS, Secretary of State, *et al.,* Appellants.

*Opinion filed May 27, 1971.—Rehearing denied Nov. 24, 1971.*

Underwood, C.J., and Ryan, J., dissenting.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe, Robert A. Maloney and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellants.

Roy J. Solfisburg, Jr., of Aurora, for appellees.

Mr. Justice Goldenhersh delivered the opinion of the court:

Defendants, Secretary of State and State Treasurer, appeal from the judgment of the circuit court of Cook County, entered upon allowance of plaintiffs' motion for summary judgment, holding unconstitutional certain provisions of the Illinois Vehicle Law, now the Illinois Vehicle Code. Ill. Rev. Stat. 1969, ch. 95½.

This action was filed by ten motor carriers, individually and in a representative capacity on behalf of each member of the class who have registered vehicles of the second division (Ill. Rev. Stat. 1969, ch. 95½, par. 1—217) under apportionment, pursuant to the provisions of sections 3—

402B and 3—412 of the Illinois Vehicle Law (Ill. Rev. Stat. 1969, ch. 95½). It is alleged in the complaint that section 3—412 of the Illinois Vehicle Law provided that, effective July 1, 1969, registration of vehicles of the second division shall be for a fiscal year period commencing on July 1st; that because apportionment of registration fees from fleets of vehicles is made on a calendar year basis for purposes of proration, and Illinois was the only State which did not register vehicles on an annual basis, section 3—412 was amended effective May 27, 1969, authorizing the defendant Secretary of State to provide for the registration on a calendar year basis of vehicles operating under apportionment, and providing that the fees and taxes to be paid on a calendar year basis shall be identical to those specified for a fiscal year registration; that amendments to enumerated sections of the Illinois Vehicle Law, effective July 1, 1969, increased the license fees and taxes for vehicles of the second division and provided that as to the fees and taxes on vehicles registered on a calendar year basis the increases are effective for the year 1970 and thereafter, and as to those vehicles registered on a fiscal year basis, the increases are effective for the fiscal year commencing July 1, 1970, and thereafter; that applications for renewals of registration for vehicles registered on a calendar year must be made not later than December 15, and for those on a fiscal year not later than June 15, of each year; defendant Secretary of State demands that vehicles operating under apportionment or proration be registered on a calendar year basis and will not accept the registrations and issue the necessary license plates unless the increased fees are paid, but continues to accept the renewal applications and issue the plates for vehicles registered on a fiscal year basis at the lower rates of license fees and taxes which were in effect prior to the amendments. Plaintiffs allege that the statute as applied by the defendant Secretary of State is unconstitutional, deprives plaintiffs and the class they represent of

their property without due process of law contrary to the fourteenth amendment of the constitution of the United States and section 2 of article II of the constitution of Illinois. It prays that the statute complained of be held unconstitutional, and for other relief which will be discussed insofar as necessary to this opinion.

Upon motion of plaintiffs, the circuit court issued a temporary writ of injunction enjoining the defendant Secretary of State from turning over to the defendant State Treasurer the increased license and tax fees collected and enjoining commingling of the moneys so collected with other State funds.

Defendants answered the complaint and plaintiffs and defendants, respectively, moved for summary judgment. The circuit court found that the provisions of the Illinois Vehicle Act making the increases effective on January 1, 1970, only as to those vehicles registered under proration was unconstitutional, allowed plaintiffs' motion for summary judgment and enjoined defendant Secretary of State from collecting the "illegal and void increased fees and taxes" for the first six months of 1970 on vehicles operating under proration, enjoined the defendant State Treasurer from commingling any of said funds so collected with other State funds, and ordered, but pending appeal suspended the order, that the funds illegally collected be paid over to a trustee directed to determine the sums due and disburse to the members of the class affected the sums found to be due them.

On appeal defendants contend that there is a presumption that the statute is valid, that the burden of establishing that it is unconstitutional is on plaintiffs, that the General Assembly has broad powers of classification for tax purposes, that the basis for the classification is reasonable, and that it was created for the benefit of the plaintiff carriers and their class.

Plaintiffs contend that the statute, in providing an effective date of January 1, 1970, for the increased fees for registration of the vehicles under proration, and a July 1, 1970, effective date for the increased fees with respect to other vehicles of the second division, creates an arbitrary and discriminatory classification. They argue that section 3—412 of the Illinois Vehicle Law (now section 3—414 of the Illinois Vehicle Code) plainly provides that the license fees imposed upon registration of second division vehicles be identical and cannot be nullified by the provision of section 2 of the 1969 amendatory law (see P.A. 76—370 approved July 1, 1969) that the increase in license fees becomes effective for registrations for the year 1970 (January 1, 1970) for vehicles registered on a calendar basis and for fiscal 1970 (July 1, 1970) for those registered on a fiscal year basis.

It is settled law that the uniformity required with respect to taxes and franchise or license fees is "that they shall be uniform upon the class on which they operate. (*Harder's Fire Proof Storage and Van Co.* v. *City of Chicago,* 235 Ill. 58.) The legislature has broad discretion in establishing the classes and subclasses which are to be taxed (*Fiorito* v. *Jones,* 39 Ill.2d 531), and the basis on which classes are determined need only be reasonable. *Mutual Tobacco Co.* v. *Halpin,* 414 Ill. 226." *Grenier & Co.* v. *Stevenson,* 42 Ill.2d 289, 291.

The legislature may define a class and then specifically remove a subclass, subject to the limitation that there be real and substantial differences between the classifications thus created. *Klein* v. *Hulman,* 34 Ill.2d 343.

The statute authorizing the Secretary of State to enter into reciprocity and proration agreements (Ill. Rev. Stat. 1969, ch. 95½, par. 402B) is designed to enable Illinois to participate in a method of licensing trucks proportionately among several States. (See Instructions for Vehicle Prora-

tion, compiled by Secretary of State.) The provisions of section 3—412 of the Illinois Vehicle Law were intended to aid the implementation of the reciprocity agreements by authorizing the registration of the vehicles affected on a calendar, rather than a fiscal year basis.

Plaintiffs and the class whom they represent are not required to seek proration, and only in the event they do, are their vehicles subject to calendar year registration. Their registrations, once effected, are valid for a one-year period as are those on a fiscal year basis. The fees are identical, the only difference being the 12 month period to which they apply.

Differences in administrative procedures or convenience furnish a basis for legislative classification. "It has long been settled that the power of the legislature to make classifications, particularly in the field of taxation, is very broad, and that the fourteenth amendment imposes no 'iron rule' of equal taxation. [Citations.] The reasons justifying the classification, moreover, need not appear on the face of the statute, and the classification must be upheld if any state of facts reasonably can be conceived that would sustain it." *Department of Revenue* v. *Warren Petoleum Corp.*, 2 Ill.2d 483, 489.

The provision is clearly designed to enable the defendant Secretary of State to conform the registration period to those in effect in the other States which are parties to the proration agreements. This in our opinion furnishes a reasonable basis for the classification, and we hold the statute constitutional.

Because of the conclusion reached we need not consider the other relief sought by plaintiffs nor the propriety of the trial court's action with respect thereto. For the reasons set forth the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*

Mr. CHIEF JUSTICE UNDERWOOD, dissenting:

As I read the majority opinion, it is bottomed upon a finding that the classification of second division motor vehicles as subject to either calendar or fiscal year registration on the basis of whether or not they are under proration is reasonable and thus, the statute authorizing this classification is constitutional. This conclusion is, in my judgment, largely irrelevant since the constitutionality of that provision is not questioned. This case involves two separate statutory provisions, both of which distinguish pro rata vehicles from other vehicles of the second division.

The first, enacted in May, 1969, authorized the registration of pro rata vehicles on a calendar rather than a fiscal year basis. (Ill. Rev. Stat. 1969, ch. 95½, par. 3—414.) The announced objective of this provision was to conform the pro rata registration period in Illinois to those in effect in the other States and, in view of the fact that Illinois was previously the only State which did not register vehicles on a calendar year basis for the purpose of proration, this classification was clearly reasonable.

The second statute, enacted in July, 1969, increased license fees for all motor vehicles and provided that the increases were to become effective six months earlier for pro rata vehicles (January 1, 1970) than for other second division vehicles (July 1, 1970). (See P. A. 76—370.) It is the classification created by this "effective date" provision which plaintiffs find objectionable and which was held unconstitutional by the circuit court. As noted by the majority opinion, the legislature has broad discretion in establishing classes for the purposes of taxation and the basis on which classes are determined must only be reasonable. This means of course that the classification must bear some reasonable relationship to the object of the legislation or to public policy. (*Fiorito* v. *Jones,* 39 Ill.2d 531; *Klein* v. *Hulman,* 34 Ill.2d 343.) Once having determined a reasonable basis

of classification for purposes of registration, it does not necessarily follow that a distinction between pro rata and other second division vehicles is valid for all purposes. What then, is the reasonable basis justifying the classification created by the "effective date" provision?

The majority opinion concludes that "the provision is clearly designed to enable the defendant Secretary of State to conform the registration period to those in effect in other jurisdictions who are party to the proration agreements." If the provision referred to is section 3—414 (calendar-year registration) then the conclusion as to its constitutionality is irrelevant. If, however, the "conformity rationale" is also thought to justify the differentiation between pro rata and other second division vehicles as to the date when license fee increases become effective (P.A. 76—370), I must respectfully disagree since I perceive no reasonable relationship between the six-month difference in effective dates and the objective of conformity. It is to be noted, too, that the discrimination is even more burdensome for the owner of a fleet of trucks, any of which are registered on a calendar year basis, for the statute requires that if any are so registered, all must be.

Nor do I agree that the fees paid on a calendar year basis are identical to those paid on a fiscal year basis. The majority contends that although the license fee increases become effective six months earlier for pro rata vehicles than for other second division vehicles, there is no real difference because the length of the registration period is 12 months in either case. This contention implies that at some point, the amount paid by the two classes of second division vehicles will be equalized while, in fact, this is simply not the case. If, following July 1, 1970, the license fees remain the same or, as is more likely, they are increased, the total amount of fees paid by plaintiffs and members of their class will always exceed the amount paid by other vehicles of the second division. The critical fact is that for the first 6 months of

1970 pro rata vehicles paid substantially higher fees than did other second division vehicles of the same weight.

Finally, the majority notes that "Plaintiffs are not required to seek proration, and only in the event they do are their vehicles subject to calendar year registration." Since plaintiffs do not object to the calendar year registration of their vehicles, the relevancy of this observation is not entirely clear. If the suggestion is that, having elected to register on a calendar year basis, plaintiffs must willingly pay the price for this privilege, I cannot agree. Pro rata registration has been in effect in Illinois since 1951 and has never been subject to higher fees. In authorizing calendar year registration the legislature expressly provided that "fees or taxes to be paid on a calendar year basis shall be identical to those specified in the Act for a fiscal year registration." The legislature clearly did not intend to put a price upon calendar year registration.

The majority opinion fails, in my judgment, to identify any real and substantial difference between the classes of second division vehicles created by the "effective date" provision which bears a reasonable relation to the objectives of that statute. In the absence of such differences, the six-month differentiation in license fees is discriminatory and should not be sustained. I would reverse and require the increases to take effect at the same time for all second division vehicles.

Mr. JUSTICE RYAN joins in this dissent.