THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LEONARD KEEVEN *et al.*, Defendants-Appellees.

Fifth District   No. 77-514

Opinion filed January 9, 1979.

William J. Scott, Attorney General, of Chicago (George William Wolff, Russell R. Eggert, and Susan H. Shumway, Assistant Attorneys General, of counsel), for the People.

Earl L. Vuagniaux, of Edwardsville, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

This action was brought to enjoin defendants, Leonard and Agnes Keeven, from violating section 12(a) of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1012(a)) and Rules 951 and 952 of the Illinois Pollution Control Board Rules and Regulations, Chapter 3: Water Pollution (hereinafter Rules or Regulations). After a hearing on plaintiff's motion for a preliminary injunction, the Circuit Court of Madison County entered an order dismissing the complaint with prejudice, denying a preliminary injunction, dissolving a previously issued temporary restraining order and finding Rule 951 unconstitutional; although, the validity of the Rules was never challenged by the defendants.

On appeal, the plaintiff contends that the complaint is legally sufficient to state a cause of action and establishes plaintiff's right to injunctive relief. Plaintiff also contends that Rule 951 is a valid exercise of the State's police power and does not violate the Illinois Constitution nor the United States Constitution. Although the defendants have not filed a

brief in this case we have, nevertheless, decided to consider the case on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

The defendants are the owners of an 18-unit apartment building in the City of Highland, Madison County. In May 1977, shortly after the commencement of construction of the building, the defendants were notified by the Illinois Environmental Protection Agency that a permit was required for the construction, and subsequent operation, of the building's wastewater disposal system for the reason that the defendants had installed a new section of pipeline on the existing city sewer tap-in. The defendants did not comply with the Agency's mandate and did not apply to the Agency for a variance from the permit requirement.

On August 30, 1977, the Attorney General, on behalf of the People of the State of Illinois and at the request of the Illinois Environmental Protection Agency, filed a complaint for injunction and motion for a temporary restraining order against the defendants. Plaintiff's complaint alleged in substance that the defendants were constructing and intended to operate a wastewater source that was connected by a sewer to an already overloaded sewage treatment plant without an operating permit issued by the Illinois Environmental Protection Agency as required by Rule 952 of the Illinois Pollution Control Board Rules and Regulations, Chapter 3: Water Pollution. On that day, a hearing was held on the plaintiff's motion for a temporary restraining order at which the defendants were represented by counsel. After evidence was taken, the trial court entered an order restraining defendants from renting, leasing or allowing occupancy by more than 15 persons of the apartment building they were constructing. The reference to "15 persons" is not clear as Rule 951 is not based on the number of occupants.

On September 2, 1977, defendants filed a motion to dissolve the temporary restraining order and dismiss the complaint on the grounds that the complaint failed to state a cause of action. In their motion to dismiss, defendants asserted that the complaint was insufficient because it failed to allege that defendants' conduct would cause substantial injury and irreparable damage and because it failed to show a clear right of the plaintiff to relief. Thereafter, plaintiff filed a motion for preliminary injunction and on September 7, 1977, a hearing was held on that motion and on all pending motions of the defendants. In support of its contention that the defendants had violated section 12(a) of the Illinois Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1012(a)) and Rule 952 of the Illinois Pollution Control Board Rules and Regulations, plaintiff submitted proof that defendants had constructed the 18-unit apartment building in question; that defendants had installed a new pipe to connect the building to the city sewer system; that the

building was partially occupied; that defendants had not instructed the tenants to refrain from using the facilities which generated wastewater; that the wastewater generated in the building would flow into the city sewer system through the pipe that had been installed; and that defendants intended to allow the building to become completely occupied and to allow their tenants to generate wastewater. The plaintiff further showed that defendants had not obtained an operating permit as provided in Rule 952 and submitted evidence establishing the overloaded status of the City of Highland sewage treatment plant. At the close of the hearing, the trial court took all matters under advisement.

On September 8, 1977, the trial court entered an order dissolving the previously issued temporary restraining order, denying plaintiff's motion for a preliminary injunction, and dismissing plaintiff's complaint with prejudice. No challenges to the constitutionality of the provisions under which the action had been brought were advanced by the defendants in the trial court. However, the court found Rule 951 of the Illinois Pollution Control Board Rules and Regulations to be "arbitrary, discriminatory and unreasonable and without substantial relation to the public health, welfare, property, and quality of life" as applied to defendants' property and held that Rule 951 violated unspecified provisions of the Illinois and United States constitutions.

Plaintiff first contends that its complaint was improperly dismissed with prejudice by the trial court because it states a cause of action and establishes plaintiff's right to injunctive relief. As part of its argument, plaintiff also argues that the trial court abused its discretion by denying a preliminary injunction against the defendants and by dissolving the previously issued temporary restraining order. It is unclear from the trial court's order whether its dismissal of the plaintiff's complaint for failure to state a cause of action was based on its finding that Rule 951 of the Illinois Pollution Control Board Rules and Regulations is unconstitutional or on the defendants' allegations in their motion to dismiss that the complaint did not allege that substantial injury or irreparable damage would result from defendants' continued conduct; however, we are of the opinion that upon either basis the court's determination was error.

The instant complaint is based solely upon the Illinois Environmental Protection Act and regulations enacted by the Illinois Pollution Control Board pursuant to a delegation of authority from the General Assembly (Ill. Rev. Stat. 1975, ch. 111½, par. 1027). In its complaint, plaintiff alleged a violation by the defendants of section 12(a) of the Act which provides that:

"No person shall:
(a) Cause or threaten or allow the discharge of any contaminants

into the environment in any State so as to cause or tend to cause water pollution in Illinois, either alone or in combination with matter from other sources, or so as to violate regulations or standards adopted by the Pollution Control Board under this Act." (Ill. Rev. Stat. 1975, ch. 111½, par. 1012(a).)

The complaint further alleges that defendants threaten to violate Rule 952 of the Regulations, which requires that an operating permit be obtained for the use or operation of all wastewater sources for which a construction permit is required pursuant to Rule 951 of the Regulations. Rule 951 provides, in relevant part:

"(a) No person shall cause or allow the construction of any new treatment works, sewer, or wastewater source or cause or allow the modification of any existing treatment works, sewer, or waste-water source without a Construction Permit issued by the Agency, except as provided in Paragraph (b).

(b) Construction Permits shall not be required for the following:

＊ ＊ ＊

(2) Any treatment works, sewer, or wastewater source designed and intended to serve a single building and eventually treat or discharge less than an average of 1500 gallons per day of domestic sewage; or ＊ ＊ ＊."

The complaint concludes with a prayer for injunctive relief to restrain the defendants from continued violation of the Act pursuant to section 42(d) (Ill. Rev. Stat. 1975, ch. 111½, par. 1042(d)).

██ ██ The above provisions determine whether the complaint alleges a cause of action, for when a statute describes the requirements for a pleading, a complaint need only state what the statute requires in order to obtain the relief authorized by the Act. (*Mullarky v. Trautvetter,* 276 Ill. 409, 114 N.E. 920 (1916).) Section 12(a) of the Act is violated whenever any person causes, threatens, or allows the discharge of contaminants, as defined in section 3(d) of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1003(d)), in violation of any of the Regulations. Rule 952 of the Regulations is violated whenever a person causes or allows the use or operation of a new or modified sewer or wastewater source without an operating permit issued by the Illinois Environmental Protection Agency. Thus, to state a cause of action for violation of section 12(a) of the Act, the complaint need only allege facts showing that the defendants threaten to discharge contaminants through the use or operation of a sewer or wastewater source without an operating permit issued by the Illinois Environmental Protection Agency.

In determining whether the plaintiff's complaint failed to allege facts sufficient to state a cause of action, the trial court was bound to accept as

true all facts properly pleaded as well as all reasonable inferences that could be drawn in favor of the pleading. *Stribling v. Chicago Housing Authority*, 34 Ill. App. 3d 551, 554, 340 N.E.2d 47, 49 (1st Dist. 1975).

By dismissing the complaint with prejudice, the court here in effect declared that even construing all facts well pleaded as true, they did not constitute a cause of action. We disagree. The well-pleaded facts, and the reasonable and fair inferences therefrom, allege all essential elements of a violation of section 12(a) of the Act. The factual allegations also demonstrate that defendants threaten to and will violate section 12(a) of the Act and Rule 952 of the Regulations in the future unless their conduct is restrained.

In this regard, plaintiff asserts on appeal, as in the trial court, that it was not required to allege or prove facts showing irreparable injury and lack of an adequate remedy at law as a basis for the issuance of injunctive relief, contrary to defendants' arguments below. Plaintiff argues that the instant action was brought pursuant to section 42(d) of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1042(d)), which specifically authorizes the Attorney General to "institute a civil action for an injunction to restrain violations of this Act." Plaintiff contends that in enacting the Environmental Protection Act, the General Assembly declared as a matter of State public policy that the best interests of the public are served by requiring that all potential pollution sources obtain a permit and that actions in violation of that requirement may be enjoined even though other remedies are available under the Act. It is the plaintiff's position that since the legislature has determined that any violation of the Act causes injury to the public and that such injury is sufficient to support the issuance of an injunction, there is no necessity for any showing of specific injury in order to obtain injunctive relief pursuant to section 42(d) of the Act.

Moreover, plaintiff asserts that this conclusion is reinforced by the existence in the Act of two separate provisions authorizing injunctive relief. Section 43(a) of the Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1043(a)) provides for injunctive relief to halt any discharge or activity causing circumstances of "substantial danger to the environment or to the public health" not based upon a violation of the Act. In contrast, section 42(d) relief is based solely upon a violation of the Act. Plaintiff asserts that the reason for the distinction is clear. No damage need be shown in actions brought under section 42(d) of the Act because damage must be presumed from the fact of the violation of the statute. The General Assembly has found that "environmental damage seriously endangers the public health and welfare * * *" (Ill. Rev. Stat. 1975, ch. 111½, par. 1002(a)(i)), and has enacted the Environmental Protection Act to remedy existing damage and prevent future harm. In providing that conduct

constitutes a violation of the Act, the legislature has determined that such conduct will cause or contribute to environmental damage. In contrast, a showing of "substantial danger," a concept seemingly akin to "irreparable injury" is necessary where injunctive relief is sought pursuant to section 43(a) of the Act. This, the plaintiff contends, is because no legislative determination has been made that damage will or is likely to result from the action sought to be enjoined.

Under general principles of equity, the decision whether to grant or deny injunctive relief is one for the sound discretion of the trial court. In order to prevail, the plaintiff must allege and prove that he has no adequate remedy at law, that he will suffer irreparable injury in the absence of injunctive relief and that he has a clear right to relief. (See *Larson v. Village of Capron*, 3 Ill. App. 3d 764, 278 N.E.2d 830 (2d Dist. 1972).) No such showings are necessary where, as here, a statute authorizes injunctive relief to restrain violations of a statute. See generally *People ex rel. Carpentier v. Goers*, 20 Ill. 2d 272, 170 N.E.2d 159 (1960); *City of Highland Park v. County of Cook*, 37 Ill. App. 3d 15, 344 N.E.2d 665 (2d Dist. 1975).

Thus, it is clear that an action for injunctive relief by the State or an agency thereof pursuant to statutory authorization is not governed by general equitable principles. When a statute authorizes such an action the plaintiff need only allege and show that there has been a violation of the statute by the defendants and that the plaintiff has standing to bring the action; there is no necessity to prove irreparable damage or the absence of an adequate remedy at law. No discretion is vested in the court to refuse to issue an injunction to enforce the terms of the Act. As discussed earlier herein, the terms of section 42(d) of the Act and its relationship to section 43(a) clearly indicate that the General Assembly intended that an injunction issue upon proof of a violation of the Act and a showing that the violation is likely to continue.

Defendants were required to have an operating permit from the Agency pursuant to Rule 952 of the Regulations. When the plaintiff submitted proof that no operating permit had been obtained by defendants, a violation of section 12(a) was proved. The fact that defendants intended to allow their tenants to generate wastewater established defendants' intent to continue in violation of the Act. Once these facts were established, plaintiff was entitled to preliminary injunctive relief. Accordingly, the trial court erred in denying the plaintiff's requested relief and in dissolving the temporary restraining order.

Plaintiff next contends that Rule 951 of the Regulations is a valid exercise of the State's police power and does not violate the Illinois or United States Constitution. Although defendants did not challenge the

constitutionality of Rule 951, the trial court found that the provision was arbitrary, unreasonable and discriminatory and, therefore, in violation of the Illinois and United States Constitutions. The trial court made its findings without specifying which particular provisions of those constitutions Rule 951 violated. It would appear that the court's finding is a finding that Rule 951 violates the due process and equal protection guarantees of the Illinois and United States Constitutions and the "special legislation" provision, article IV, section 13 of the Illinois Constitution of 1970. The trial court also found Rule 951(b)(2) "unenforcible" because the Environmental Protection Agency did not have the staff or the means to determine whether or not the fifteen (15) population equivalent would be exceeded. We find nothing in the record to substantiate this finding, nor are we able to determine what bearing this finding has on the validity of Rule 951 or to what the finding relates.

The constitutionality of Rule 951 of the Regulations can only be judged in relation to the entire regulatory program established by the General Assembly and its delegate, the Illinois Pollution Control Board, in the exercise of the police powers of the State of Illinois. As stated earlier, the General Assembly has found that environmental damage, including water pollution, seriously endangers the public health and welfare (Ill. Rev. Stat. 1975, ch. 111½, par. 1002(a)(i)). In an effort to prevent the spread of environmental damage and to reduce and eliminate pollution, the General Assembly enacted the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1001 *et seq.*). The purpose of Title 3: Water Pollution (Ill. Rev. Stat. 1975, ch. 111½, pars. 1011-1013) is to restore, maintain and enhance water purity, and to assure that no contaminants are discharged into the waters of the State without being given the necessary degree of control or treatment to prevent pollution (Ill. Rev. Stat. 1975, ch. 111½, par. 1011(b)).

To achieve those purposes, the General Assembly expressly prohibited the discharge of any solid or liquid matter into the environment so as to cause or tend to cause water pollution in Illinois (Ill. Rev. Stat. 1975, ch. 111½, par. 1012(a)). The General Assembly also established a permit program to be administered by the Agency (Ill. Rev. Stat. 1975, ch. 111½, pars. 1039-40), and prohibited the construction and operation of any potential sources of pollution without a permit (Ill. Rev. Stat. 1975, ch. 111½, par. 1012(b), (c) and (f)). Rather than establishing all substantive standards, the General Assembly created an administrative body, the Pollution Control Board, and delegated to it the authority to determine, define and implement the environmental control standards applicable in Illinois (Ill. Rev. Stat. 1975, ch. 111½, par. 1005) and the authority to adopt regulations for those purposes (Ill. Rev. Stat. 1975, ch. 111½, pars. 1005(b), 1013). Pursuant to its rulemaking authority, the Board

adopted Regulations, including Rules 951 and 952. The permit requirements of those Rules does not prohibit the use or operation of a particular facility; instead, it requires that the person who seeks to construct and operate the facility account in advance for the effects of that facility on the environment. Once an applicant submits proof that construction and operation of a facility will not cause environmental damage, the Agency is required to issue a permit (Ill. Rev. Stat. 1975, ch. 111½, par. 1039). Further, if the permit requirement imposes an arbitrary or unreasonable hardship upon any person, that person can seek and obtain a variance from that requirement. Ill. Rev. Stat. 1975, ch. 111½, par. 1035.

■■ All legislative actions taken pursuant to the State's police power are subject to the constraints imposed by the due process clauses of the Illinois and United States constitutions. The standards for determining whether a particular legislative enactment violates due process are the same regardless of whether the enactment under consideration is a statute, an administrative rule, or a municipal ordinance. (See *Chicago Allis Mfg. Corp. v. Metropolitan Sanitary District*, 52 Ill. 2d 320, 288 N.E.2d 436 (1972); *Peabody Coal Co. v. Pollution Control Board*, 36 Ill. App. 3d 5, 344 N.E.2d 279 (5th Dist. 1976).) The due process clauses of the Illinois and United States constitutions prohibit only an arbitrary, unreasonable and improper use of the State's police power. (*City of Decatur v. Chasteen*, 19 Ill. 2d 204, 166 N.E.2d 29 (1960).) When it is determined that an evil exists which affects the public health, safety, morals or general welfare and the legislative means used to counter that evil is reasonable, the exercise of the State's police power is proper and there is no want of due process despite interference with individual property and contract rights. (*Chicago Real Estate Board v. City of Chicago*, 36 Ill. 2d 530, 224 N.E.2d 793 (1967).) In applying this standard, the courts generally seek to ascertain whether the means selected are reasonably necessary for the accomplishment of the purposes of the statute and not unduly oppressive upon individuals. *Chicago Allis Mfg. Corp. v. Metropolitan Sanitary District.*

In the instant cause, the evil addressed by the statutory and regulatory provisions involved is the existence of environmental damage, including water pollution. The existence of the evil and its adverse effects on the public health and welfare is beyond question; therefore, the only issue is whether the permit requirement for sewers is a reasonable means to counter or control water pollution.

The means chosen by the General Assembly to deal with the water pollution problem was the establishment of a comprehensive statewide program to assure that no contaminants are discharged into waters of the State without being given the degree of treatment necessary to prevent

water pollution (Ill. Rev. Stat. 1975, ch. 111½, pars. 1002(b), 1011(b)). As part of that program, the General Assembly authorized the adoption of standards and limitations that constitute the substantive provisions of the program (Ill. Rev. Stat. 1975, ch. 111½, par. 1013) and that must be met if the State is to achieve its goals of reducing and eliminating water pollution. According to the plaintiff, the permit program established by the General Assembly and the Board, of which Rule 951 is only a part, is one of the means by which the General Assembly sought to assure that no contaminants would be discharged into waters of the State without being given the degree of treatment necessary to prevent pollution. The plaintiff asserts that the permit requirement for sewers contained in Rule 951 allows the Agency to monitor and control in advance what goes into a sewage treatment plant. It enables the Agency to ascertain the nature and quantity of the wastes being discharged into a sewage treatment plant. This knowledge is essential to a determination of the efficiency of the plant in treating sewage and what may be expected to flow from the plant into the waters of the State. This requirement also enables the Agency to predict a plant overload, thus enabling the plant to take remedial measures in advance of any physical damage to the plant and to the environment by the discharge of inadequately treated wastes to the waters of the State. See Currie, *Enforcement Under the Illinois Pollution Law,* 70 Nw. U.L. Rev. 389, 475 (1976).

■■ Hence, the permit requirement of Rule 951 is not only reasonably necessary to achieve the reduction and elimination of water pollution, it is an important element of the program developed to control water pollution. Thus, Rule 951 constitutes a valid exercise of the State's police power and, therefore, we do not judge that the constitutional assurance of due process is violated by the rule's permit requirement.

■■ We are also of the opinion that Rule 951 is not violative of the equal protection guarantees of the United States and Illinois constitutions nor article IV, section 13 of the Illinois Constitution of 1970, the "special legislation" provision. The requirement imposed by both the Illinois and Federal equal protection clauses is that a legislative classification must bear a rational relationship to the purpose of the legislation (*McDonald v. Board of Election Commissioners,* 394 U.S. 802, 22 L. Ed. 2d 739, 89 S. Ct. 1404 (1969)). Administrative convenience furnishes a legitimate basis for legislative classification. (*Midwest Freight Forwarding Co. v. Lewis,* 49 Ill. 2d 441, 275 N.E.2d 388 (1971) *appeal dismissed* (1972), 406 U.S. 939, 32 L. Ed. 2d 328, 92 S. Ct. 2040, *rehearing denied* (1972), 408 U.S. 932, 33 L. Ed. 2d 344, 92 S. Ct. 2489); and a legislative classification need not be scientific, logical or consistent to withstand an attack on equal protection grounds provided it rests upon a reasonable basis (*Supervisors of the*

*County of Boone v. Village of Rainbow Gardens,* 14 Ill. 2d 504, 153 N.E.2d 16 (1958)).

■■ The tests for the validity of legislation under the Federal and Illinois equal protection clauses and under article IV, section 13 of the Illinois Constitution of 1970, the special legislation provision, are generally similar and overlapping. A classification does not violate the special legislation provision "[i]f there is a reasonable basis for the classification, and it bears a reasonable and proper relation to the purposes of the act and the evil it seeks to remedy * * *." (*Bridgewater v. Hotz,* 51 Ill. 2d 103, 111, 281 N.E.2d 317, 322 (1972).) Thus, the provision was designed to prevent arbitrary discrimination and does not forbid legislative classification any more than does the equal protection clause.

The plaintiff contends that the permit requirement of Rule 951(a) of the Regulations is a reasonable exercise of the State's police power and is directly related to the accomplishment of the legitimate State goal of reducing and eliminating water pollution. Rule 951(a) requires that a permit be obtained from the Environmental Protection Agency for the construction of any new or modified sewer, wastewater source, or treatment plant with several exceptions. The plaintiff maintains that to require a permit for every source of wastewater within the State would be clearly undesirable. The exception of certain sources from the permit requirement of Rule 951(a) serves the purpose of decreasing the Agency's workload, thus freeing the Agency to deal effectively with the most serious pollution problems.

The plaintiff argues that it is clear that there are real and substantial differences between those sources required to have a permit by Rule 951(a) and those excepted from that requirement by Rule 951(b)(2) which justify their separate classification. The plaintiff points out that the total volume of domestic sewage discharged to a sewage treatment plant affects the operation of that plant and the quality of that plant's effluent which in turn affects the quality of the waters into which the plant discharges. Hence, the greater the volume of sewage discharged from a source, the greater is the potential impact of that source on the sewage treatment plant and on water quality. Therefore, separate classifications of sources based on the volume of sewage they discharge is reasonable. The plaintiff contends that the 1,500-gallon-per-day figure contained in Rule 951(b)(2) represents the volume that the Pollution Control Board has determined has a potentially significant impact, based on its expert judgment. Therefore, the separate classification of sources discharging less than 1,500 gallons per day is reasonable.

The exception in Rule 951(b)(2) for sources discharging less than 1,500 gallons per day applies only to those sources meeting that

requirement and only serving a single building. The vast majority of buildings which are served by a sewer that discharges less than 1,500 gallons of domestic sewage per day (the equivalent of occupancy by 15 persons) are single-family homes.

Plaintiff asserts that the separate classification of single-family homes is justified by a number of factors. The type and amount of wastes generated by such structures is well established and does not vary significantly from one such structure to another. Thus, the plaintiff contends that there is little, if any, need to require a permit for sewers which will only serve such structures. However, the same is not true for other structures such as apartment buildings, stores and industrial or commercial establishments where the volume and nature of waste may vary significantly from structure to structure.

We must conclude that the classification contained in Rule 951(b)(2) is based on rational distinctions and directly aids in achieving the goals of the Act, the reduction and elimination of water pollution. We find no basis for the trial court's finding that Rule 951 is arbitrary, unreasonable or discriminatory, considering that defendants never challenged its validity or assisted the court by adducing proof or argument directed to its unreasonableness or arbitrariness. Rather, we find it a proper exercise of the State's police power and not to violate the Equal Protection clauses of the Illinois and United States constitutions, nor article IV, section 13 of the Illinois Constitution of 1970.

For the foregoing reasons, the order of the Circuit Court of Madison County is reversed and this cause is remanded to that court for entry of a preliminary injunction and for trial on the merits.

Reversed and remanded.

JONES and KUNCE, JJ., concur.