THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MIKA TIMBER COMPANY, INC., Defendant-Appellee.

Fifth District No. 5—90—0008

Opinion filed November 12, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert Ruiz, Solicitor General, of Chicago, and Edward W. Dwyer, Assistant Attorney General, of Springfield, of counsel), for the People.

David P. Rau, of Law Offices of Rau & Cooper, of Red Bud, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

The State of Illinois, plaintiff, appeals from the denial by the circuit court of Randolph County of its application for a preliminary injunction to enjoin defendant, Mika Timber Company, Inc. (Mika), from further operation until its wood-treatment facility near Sparta, Illinois, is in complete compliance with the Illinois Environmental Protection Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1001 et seq.) and regulations promulgated thereunder by the Illinois Pollution Control Board. We reverse.

Mika is a wood-treatment facility whose operation involves the impregnation of wood timber with creosote. This is accomplished by

placing the timber in a treatment cylinder with creosote and heating it, and then removing and allowing it to dry. After several inspections of the facility, the State believed Mika's operations encompassed numerous violations, namely air and water pollution violations and hazardous waste storage, storage tank, permit, security, inspection and records violations. The State therefore sought to enjoin Mika's operations by way of a preliminary injunction. With respect to the alleged air pollution violations, however, the trial court granted Mika's motion for judgment pursuant to section 2—1110 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1110) at the close of the State's case. And, after the rest of the case was presented, the court granted judgment for Mika on all remaining charges, finding that the State failed to establish to which category of "generator" Mika belonged and therefore which regulations applied to it.

The State argues on appeal the trial court erred in denying its application for a preliminary injunction. Pursuant to our understanding of section 42(e) of the Environmental Protection Act (Act) (Ill. Rev. Stat. 1987, ch. 111½, par. 1042(e)), we must agree, even without reaching individually all of the State's contentions. Section 42(e) states:

"The State's Attorney of the county in which the violation occurred, or the Attorney General, may, at the request of the Agency or on his own motion, institute a civil action for an injunction to restrain violations of this Act." (Ill. Rev. Stat. 1987, ch. 111½, par. 1042(e).)

An action for injunctive relief under this section is not governed by the usual equitable principles for a preliminary injunction. Rather, the plaintiff need only allege and show the defendant's violation of the Act and that plaintiff has standing to bring the action. (See *People v. Van Tran Electric Corp.* (1987), 152 Ill. App. 3d 175, 184, 503 N.E.2d 1179, 1185; *People v. Keeven* (1979), 68 Ill. App. 3d 91, 97, 385 N.E.2d 804, 808.) Absent is the necessity to prove irreparable damage or the lack of an adequate remedy at law. Such common law requirements for the issuance of equitable relief are suspended because the legislature has already determined, in passing the applicable statute, that violations of the statute cause irreparable injury for which no adequate remedy exists. (*People ex rel. Edgar v. Miller* (1982), 110 Ill. App. 3d 264, 269, 441 N.E.2d 1328, 1331; *Keeven*, 68 Ill. App. 3d at 97, 385 N.E.2d at 808.) Moreover, once a violation has been shown, the trial court has no discretion to refuse to issue an injunction to enforce the terms of the Act. *Van Tran Electric*, 152 Ill. App. 3d at 184, 503 N.E.2d at 1185.

Undeniably, the State had standing to bring its application for injunctive relief against Mika in this instance. (See Ill. Rev. Stat. 1987, ch. 111½, pars. 1042(e), 1043(a).) The question then becomes whether the State established any statutory violations by Mika. We believe the State sufficiently established such violations when it presented uncontradicted evidence that Mika is operating its facility without obtaining or having obtained air construction and/or operating permits as required by section 9 of the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 1009) and sections 201.142 and 201.143 of title 35 of the Administrative Code (35 Ill. Adm. Code §§201.142, 201.143 (1985)), no matter what type of generator Mika is. Even Mika acknowledges it never obtained such permits, and in fact, concedes it applied for and was denied the permits on two separate occasions in 1985 and 1989. Clearly, Mika's failure to obtain the necessary permits while still operating its facility constitutes a continuing violation of the Act. On this basis alone, the State was entitled to a preliminary injunction enjoining Mika from further violations of the Act. (See *Mystik Tape v. Pollution Control Board* (1975), 60 Ill. 2d 330, 338-41, 328 N.E.2d 5, 9-11; *Van Tran Electric*, 152 Ill. App. 3d at 184, 503 N.E.2d at 1185; *Keeven*, 68 Ill. App. 3d at 97, 385 N.E.2d at 808.) The trial court accordingly abused its discretion in denying the State's application for a preliminary injunction.

For the aforementioned reasons, we find that the circuit court of Randolph County erred in refusing the preliminary injunctive relief sought by the State. We therefore reverse the court's order denying such relief and remand this cause for further proceedings.

Reversed and remanded.

WELCH and GOLDENHERSH, JJ., concur.