AMERICAN NATIONAL BANK & TRUST CO., Trustee, Plaintiff-Appellee,
v. THE CITY OF CHICAGO, Defendant-Appellant.

First District (3rd Division)   No. 84—2153

Opinion filed March 20, 1985.

James D. Montgomery, Corporation Counsel, of Chicago (Philip L. Bronstein and Julie Elena Brown, Assistant Corporation Counsel, of counsel), for appellant.

Allegretti, Newitt, Witcoff & McAndrews, Ltd., and Murphy, Mitchell & Jaffe, both of Chicago (George P. McAndrews, Charles W. Shifley, Robert C. Ryan, Thomas J. Murphy, and John F. Fennig, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

On June 1, 1983, plaintiff, American National Bank & Trust Co. (bank), as trustee under trust No. 33832, filed an application with the Chicago Zoning Board of Appeals (zoning board) for a special-use variance for the purpose of operating a sanitary landfill. By letter dated June 24, 1983, the department of planning of the city of Chicago voiced objections to plaintiff's application on the ground that a substantial portion of the proposed landfill site contained public rights-of-way owned by the city. Thereafter, the bank commenced this declara-

tory judgment action to quiet title to the land, naming the city of Chicago (city) as defendant.

Prior to resolution of the declaratory judgment action, the zoning board held a hearing[1] on the bank's application at which several residents of a community near the proposed site appeared and testified against approval of the bank's application. The zoning board denied the bank's application and mailed notice thereof to the bank on March 8, 1984. On March 22, 1984, the bank amended the complaint for declaratory judgment to add a count seeking administrative review of the decision of the zoning board, and a count seeking a mandate that the department of consumer services of the city of Chicago grant it a permit to operate the landfill. On April 10, 1984, the city filed a motion to dismiss the count for administrative review, alleging as basis for the motion that the bank failed to name and serve certain parties as required by the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*). In response to the city's motion the bank, on April 11, 1984, served summonses on the zoning board and on the department of consumer services. On April 16, 1984, the court denied the city's motion to dismiss and allowed the bank to amend its complaint to name the zoning board, the department of consumer services, and the community residents who appeared at the administrative hearing as defendants. Summonses were issued to the community residents on April 17, 1984. Thereafter the bank filed a motion for summary judgment which was granted as to the administrative review count of the complaint. The circuit court reversed the resolution of the zoning board with instructions to issue the special-use variation which the bank sought should the application conform to all ordinances. The city appeals.

■ On appeal it contends, *inter alia*, that the circuit court lacked subject matter jurisdiction because of the bank's failure to procure issuance of summonses to all parties within the 35-day time period prescribed in section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—103).

Section 3—103 of the Administrative Review Law provides:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.)

Further, section 3—107 of the Administrative Review Law provides:

---

[1]The hearing was held upon request of the circuit court of Cook County.

"In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1983, ch. 110, par. 3—107.)

The 35-day period for issuance of summons is mandatory and not jurisdictional, and failure to secure issuance of summons within the period will not preclude judicial review. (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 454 N.E.2d 652; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 451 N.E.2d 842.) However, the 35-day period is intended to insure that the plaintiff cannot unduly delay review (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1982), 108 Ill. App. 3d 979, 439 N.E.2d 1301, *affirmed* (1983), 97 Ill. 2d 378, 454 N.E.2d 652), and the plaintiff must show a good-faith effort to have the clerk issue the summons within the 35 days to warrant relaxation of the filing period. *Moretti v. Department of Labor* (1983), 119 Ill. App. 3d 740, 457 N.E.2d 114.

■ In the case at bar, the bank failed to act with diligence to procure issuance of the summonses. On April 10, 1984, 33 days after the bank was served notice of the zoning board's resolution, the city filed a motion to dismiss that portion of the complaint seeking administrative review based upon the bank's failure to comply with sections 3—103 and 3—107 of the Administrative Review Law. The bank obtained service of summons on the zoning board and the department of consumer services the next day. These summonses were timely. However, the bank neglected to have summonses issued to four community residents who were parties of record to the proceedings before the zoning board until April 17, 1984, 40 days after it was served notice of the zoning board's resolution. The bank's excuse for the late issuance of summonses to the community residents is that the city did not object to lack of summonses to the community objectors until the April 16, 1984, hearing on the city's motion to dismiss. We note first that the burden was squarely upon the bank to name and serve all persons who were parties of record to the proceedings before the zoning board (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 95 N.E.2d 864; *Moretti v. Department of Labor* (1983), 119 Ill. App. 3d 740, 457 N.E.2d 114; *Lewis v. Trainor* (1977), 51 Ill. App. 3d 180, 366 N.E.2d 579), and second, that the city's motion to dismiss cited the pertinent sections of the Administrative Review Law and thus put the bank on notice that summonses should be served the four community objectors.

We conclude that the bank was not diligent in obtaining issuance of the summonses and that the circuit court erred in denying the city's motion to dismiss.

In light of our conclusion that the circuit court lacked jurisdiction to review the resolution of the zoning board, we need not consider the city's other contentions.

For the aforementioned reasons the judgment of the circuit court of Cook County is reversed.

Reversed.

McGILLICUDDY and RIZZI, JJ., concur.