CITY OF CHICAGO, Plaintiff-Appellee, v. BERNIE PIOTROWSKI *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 1—89—3266, 1—89—3357 cons.

Opinion filed June 4, 1991.—Rehearing denied July 10, 1991.

COCCIA, J., specially concurring.

George P. McAndrews, Robert C. Ryan, and Adrienne B. Naumann, all of McAndrews, Held & Malloy, Ltd., and Thomas J. Murphy, of Thomas J. Murphy, P.C., both of Chicago, for appellants.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Lynn Kristine Mitchell, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff City of Chicago (the City) filed an ordinance enforcement action in the circuit court of Cook County against the Paxton landfill and other defendants (collectively, Paxton) for operating the Paxton landfill without a permit. The circuit court granted the City's motion to dismiss Paxton's affirmative defenses and enjoined Paxton from continuing to operate without a permit. Paxton appeals, presenting as issues whether (1) the circuit court erred in granting the City's motion to dismiss Paxton's affirmative defenses after that motion had been denied by another judge; (2) the circuit court erred in dismissing Paxton's affirmative defenses of selective prosecution and of discrimination in denying Paxton a permit, in violation of Federal and State guarantees of equal protection and due process; and (3) the circuit court erred in enjoining Paxton from operating its landfill without a permit.

The Paxton sanitary landfill is located at 11601 South Stony Island Avenue in Chicago. Located immediately adjacent to the Paxton site are landfills which are operated by Waste Management, Inc. (Waste Management), and Land and Lakes, Inc. (Land and Lakes). Since at least 1979, these three have been the only properly zoned, nonhazardous, nontoxic operators of sanitary landfills permitted in Chicago. The area of their operation has been zoned an

"M3—3 Heavy Manufacturing District" by the City, thus requiring a special use variance for their operation.

The City has established a two-tiered process for the licensing of landfills. First, an applicant must apply to the Zoning Board of Appeals (ZBA) for a special use variance. Then, if the variance is granted, the applicant may apply to the Department of Consumer Services for a permit. Once a permit is issued, the Department regularly inspects the site to ensure compliance with environmental standards.

In 1983, Paxton applied for renewal of its variance and permit. Prior to that time, Land and Lakes and Waste Management were also required to renew their respective variances and permits. On October 15, 1982, the ZBA approved Land and Lakes' application for a special use variance and, on August 20, 1982, the ZBA approved Waste Management's application. The ZBA stated that it would review Land and Lakes' use again in October 1985 and every 24 months thereafter, and that it would review Waste Management's use in August 1989 and every 36 months thereafter.

Following a hearing before the ZBA on February 24, 1984, Paxton's application for a variance was denied. The ZBA found that:

> "[the landfill] will be unsuitable for future manufacturing uses; that the applicant and its related entities has [*sic*] a history with respect to the conduct and operation of landfills which has indicated disregard for environmental concerns; [and] that the applicant and its related entities have shown such disregard for environmental laws and regulations in this and other jurisdictions that there can be no assurance that the public health, safety and welfare will be protected at this site."

Paxton's suit for administrative review of the ZBA's decision resulted in summary judgment in its favor. This court reversed, however, because of Paxton's failure to comply with the service requirements of the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—103). *American National Bank & Trust Co. v. City of Chicago* (1985), 132 Ill. App. 3d 570, 478 N.E.2d 1, *appeal denied* (1985), 108 Ill. 2d 555.

Subsequently, Paxton brought suit in Federal court, alleging that its constitutional rights were denied by the City and the ZBA. The district court dismissed the action, holding that this court's dismissal constituted a decision on the merits and therefore the action was barred by *res judicata. (American National Bank & Trust Co.*

*v. City of Chicago* (N.D. Ill. 1986), 636 F. Supp. 374.) The seventh circuit affirmed that decision, and the United States Supreme Court denied Paxton's petition for *certiorari*. (*American National Bank & Trust Co. v. City of Chicago* (7th Cir. 1987), 826 F.2d 1547, *cert. denied* (1987), 484 U.S. 977, 98 L. Ed. 2d 487, 108 S. Ct. 489.) Despite its failure to obtain proper zoning and the required permit, Paxton continued to operate the landfill.

In February 1984, while Paxton's suit for administrative review in this case was pending, the Chicago city council passed an ordinance declaring a moratorium on the creation or expansion of sanitary landfills until February 1, 1989. In September 1987, Paxton filed a second application seeking a variance. The ZBA denied the application without holding a hearing, citing as its basis the existing moratorium. A circuit court judge later ordered the ZBA to consider the 1987 application. On February 22, 1989, a hearing was held and the ZBA announced that it would apply a standard of proof which was "pretty close to beyond a reasonable doubt that there would be no impact on the public health, safety, and welfare." The application was then denied. Administrative review of these proceedings is currently pending in the circuit court of Cook County.

When the ZBA's earlier decision became final, the Department of Consumer Services attempted to shut down Paxton's landfill. It filed a complaint in 1987 seeking fines and an injunction to prevent Paxton from operating without a permit. In response, Paxton asserted 11 affirmative defenses.

On October 19, 1988, the City moved to dismiss Paxton's affirmative defenses pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619). The parties extensively briefed and argued the motions. In its July 3, 1989, memorandum opinion and order, a circuit court judge dismissed nine of Paxton's affirmative defenses, but found that two of them were satisfactorily alleged and therefore denied the City's motion to dismiss them.

After the case was reassigned to another circuit court judge, the City filed a motion for summary judgment, challenging the legal adequacy of the defenses. The parties submitted briefs and the circuit court heard arguments on the motion on November 8, 1989, treating the motion as a renewed motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Finding that the two affirmative defenses were insufficient, the circuit court reversed the prior judge's ruling

and dismissed them. The court then granted summary judgment and entered an injunction prohibiting Paxton's further operation of the landfill, but granted a stay pending appeal. Paxton appeals from that order, asking this court to reverse the grant of summary judgment for the City and the imposition of the injunction, and to remand the case for trial or other appropriate proceedings.

## I

Paxton initially argues that the circuit court erred in revisiting issues already decided by a predecessor judge. Specifically, Paxton contends that the first order denying the City's motion to dismiss the affirmative defenses constituted the law of the case, and that the circuit court therefore improperly granted the City's motion for summary judgment. The City maintains that the first ruling was an interlocutory order subject to revision.

■■ Illinois Supreme Court Rule 304(a) provides in pertinent part:

> "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).)

In denying the City's motion to dismiss, the original circuit judge found that Paxton had sufficiently alleged two affirmative defenses. The effect of this order, however, was not adjudicatory of the claims, rights, or liabilities between the parties; the controversy still existed. The order was therefore interlocutory and subject to modification by the successor court. (*Rowe v. State Bank* (1988), 125 Ill. 2d 203, 531 N.E.2d 1358; *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 446 N.E.2d 242; *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) The circuit court's modification of the prior judge's order, therefore, did not constitute error.

## II

Paxton next contends that it was selectively prosecuted and that it was discriminated against, in violation of State and Federal guarantees of equal protection and due process. Regarding those contentions, we note that an action for administrative review is currently pending in the circuit court of Cook County.

In *Howard v. Lawton* (1961), 22 Ill. 2d 331, 175 N.E.2d 556, the supreme court held that constitutional issues may be raised in

administrative review proceedings. This appeal, however, is not from administrative review; indeed, as previously indicated, the earlier administrative review in this case resulted in an unfavorable result for Paxton. This appeal arises from an enforcement action and concerns the propriety of the grant of injunctive relief and related rulings which followed administrative review. To allow Paxton to assert constitutional issues at this stage would be contrary to the principle underlying the doctrine of exhaustion of administrative remedies.

■■ ■ Generally, one may not seek judicial relief from an administrative action unless he has first exhausted all administrative remedies available to him. (*Phillips v. Graham* (1981), 86 Ill. 2d 274, 427 N.E.2d 550.) An exception to the exhaustion of remedies rule exists where a party attacks the constitutionality of a statute on its face. (*Phillips*, 86 Ill. 2d at 289.) If, however, the complaint is not that the statute is unconstitutional on its face, but that it has been applied in a "discriminatory or arbitrary manner," the party must first seek relief through the administrative remedies provided. (*Phillips*, 86 Ill. 2d at 289.) There are well-established reasons for this rule: "(1) it allows full development of the facts before the agency; (2) it allows the agency an opportunity to utilize its expertise; and (3) the aggrieved party may succeed before the agency, rendering judicial review unnecessary." (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 358, 326 N.E.2d 737.) The rule also allows administrative agencies to correct their own errors, clarify their policies, and reconcile conflicts before judicial relief is sought. *Smith v. Department of Registration & Education* (1988), 170 Ill. App. 3d 40, 523 N.E.2d 1271, *appeal denied* (1988), 122 Ill. 2d 594.

■■ These principles are directly applicable to the instant case. Paxton contends that it has been discriminated against, but has not exhausted its administrative remedies. Pursuant to *Howard*, Paxton's constitutional issues may be fully vented in the pending administrative review proceedings. We agree with the circuit court's conclusion that those issues were not relevant in these proceedings.

### III

The final issue is whether the circuit court erred in enjoining Paxton from operating its landfill without a permit.

■■ Paxton contends that it was entitled to a hearing on whether its conduct posed a nuisance or threat of irreparable injury in fact. When seeking injunctive relief that is expressly provided for

by statute, however, a plaintiff is not required to plead or prove the traditional elements of irreparable harm and an inadequate remedy at law. *Sadat v. American Motors Corp.* (1984), 104 Ill. 2d 105, 470 N.E.2d 997.

In *People v. Keeven* (1979), 68 Ill. App. 3d 91, 385 N.E.2d 804, the court held that where a statute authorizes injunctive relief, the plaintiff need show only that there has been a violation of the statute by the defendant and that the plaintiff has standing to bring the action. It was therefore unnecessary for the City to prove irreparable damage or the absence of an adequate remedy at law. *Keeven*, 68 Ill. App. 3d at 97.

■ In the instant case, it was clear that Paxton's continued operation without a license was violative of the applicable ordinances. (Chicago Municipal Code, ch. 17, §6.2 (1983); ch. 99, §4 (1983); ch. 99, §36.1(b) (1986).)[1] The circuit court therefore properly enjoined Paxton from operating its landfill.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, J., concurs.

JUSTICE COCCIA, specially concurring:
I concur in the judgment of the majority in dealing with the specific issues in this appeal. However, I find the underlying factual history giving rise to the dispatch of the defendant, Paxton Landfill Corporation, sufficiently suspect that I would, at the very least, stay the enforcement of the injunction prohibiting Paxton from further operation of this landfill until the resolution of all pending litigation, including the administrative review proceedings pending in the circuit court of Cook County.

---

[1]The Municipal Code has been recodified since 1983, but the new sections do not materially alter the old ones.