ON-LINE FINANCIAL SERVICES, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF HUMAN RIGHTS *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 1—91—0148, 1—91—0278 cons.

Opinion filed March 31, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellants Department of Human Rights and Joyce E. Tucker.

Edwin F. Mandel Legal Aid Clinic, of Chicago (Randall D. Schmidt, of counsel), for appellant Bernella Kindzred.

Carey Cosentino, of Oak Brook, for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Defendants, Bernella Kindzred (Kindzred), the Illinois Department of Human Rights and Joyce E. Tucker (Department), appeal the denial of their motion to dismiss plaintiff On-Line Financial Services, Inc.'s (On-Line's) declaratory judgment action and the grant of summary judgment in On-Line's favor. They argue that On-Line's complaint should have been dismissed based upon the doctrines of ripeness, primary jurisdiction, and failure to exhaust administrative remedies, and the circuit court erred in finding that the relevant statute was mandatory.

Kindzred filed a charge with the Department on December 16, 1986, alleging that On-Line terminated her employment, because of racial discrimination, in violation of the Illinois Human Rights Act (Act) (Ill. Rev. Stat. 1989, ch. 68, par. 1—101 *et seq.*). On-Line had fired Kindzred on September 30, 1986, for excessive absenteeism. Three years later, on October 10, 1989, the Department informed On-Line by letter that it was required to attend a mandatory fact-finding conference on November 14, 1989, regarding Kindzred's termination.

On-Line filed a complaint in the circuit court for declaratory and injunctive relief on October 27, 1989, alleging that the Department failed to file a complaint with the Illinois Human Rights Commission (Commission) within the statutorily prescribed period of 300 days, and Kindzred did not file a complaint within the following 30-day period. On-Line claimed that the Department did not have authority to initiate an investigation or a fact-finding conference and, therefore, sought a declaration that the Department was not authorized to investigate Kindzred's charge or file a complaint with the Commission on her behalf. Kindzred filed a motion to dismiss On-Line's complaint and On-Line moved for summary judgment.

On November 13, 1990, the circuit court struck On-Line's prayer for injunctive relief, but denied Kindzred's motion to dismiss On-Line's claim for declaratory relief. The court granted On-Line summary judgment. Kindzred's subsequent motion for rehearing and modification of judgment was denied. Both Kindzred and the Department appeal the circuit court's order.[1]

## I

Several threshold arguments will be addressed first. Kindzred initially argues that On-Line's complaint should have been dismissed, based upon the doctrines of ripeness, primary jurisdiction, and failure to exhaust administrative remedies.

The ripeness doctrine is intended to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies and to protect agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging party. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 546, 370 N.E.2d 223.) A statute or regulation is ripe for challenge when an affected person must choose between disadvantageous compliance and risk of sanction. 4 K.C. Davis, Administrative Law Treatise §25:13, at 393 (2d ed. 1983).

Kindzred's reliance upon *Gromer Supermarket, Inc. v. Pollution Control Board* (1972), 6 Ill. App. 3d 1036, 287 N.E.2d 1, is misplaced. There, plaintiffs' complaint which sought to enjoin defendants from holding hearings regarding the adoption of certain regulations was held unripe for adjudication. Defendants had taken no action against plaintiffs, and plaintiffs were not compelled to attend any type of hearing at which their rights or liabilities might be determined; "[t]heir only problem [was] the pendency of hearings so that [defendants could] determine if any regulation should be adopted." *Gromer Supermarket, Inc.*, 6 Ill. App. 3d at 1043.

The controversy here centers upon two issues: one, a purely legal question, namely, the interpretation of the Act's filing requirement, and, the other, whether the Department's letter to On-Line manifests sufficient finality. (See *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 149, 18 L. Ed. 2d 681, 691-92, 87 S. Ct. 1507, 1515-16.) On-Line was ordered to appear at a fact-finding conference;

---

[1]An *amicus* brief supporting defendants was filed jointly by the Council for Disability Rights, The Coalition for Citizens with Disabilities in Illinois, Chicago Roseland Coalition for Community Control, and the Illinois Human Rights Commission.

failure to attend could have resulted in default. On-Line also was required to complete a Department questionnaire for the investigative file, and was warned that "failure to submit relevant evidence may be construed against [On-Line]." The Department, therefore, was investigating Kindzred's claim, although the time for filing a complaint with the Commission had expired. The Department's letter attempted to interpret authoritatively a provision of the Act, leaving On-Line with a choice between disadvantageous compliance or possible sanctions. Judicial consideration was warranted. See *Abbott Laboratories*, 387 U.S. at 152-54, 18 L. Ed. 2d at 693-95, 87 S. Ct. at 1517-18; *Bio-Medical Laboratories, Inc.*, 68 Ill. 2d at 546; *Peoples Energy Corp. v. Illinois Commerce Comm'n* (1986), 142 Ill. App. 3d 917, 934, 492 N.E.2d 551.

■ Kindzred also argues that the Department and the Commission had primary jurisdiction in this action. The doctrine of primary jurisdiction mandates a stay of judicial proceedings when the enforcement of a claim requires resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body. (*United States v. Western Pacific R.R. Co.* (1956), 352 U.S. 59, 63-64, 1 L. Ed. 2d 126, 131-32, 77 S. Ct. 161, 164-65.) Where the expertise of the particular agency is not needed to resolve properly the contested issue, however, the doctrine does not apply. *Peoples Energy Corp.*, 142 Ill. App. 3d at 933.

■ This case does not involve the reasonableness of the Department's actions, but the authority of the Department to act at all. (See *Peoples Energy Corp.*, 142 Ill. App. 3d at 933.) Kindzred correctly points out that the Act was intended to be the exclusive source for redress of civil rights violations. (See *Mein v. Masonite Corp.* (1985), 109 Ill. 2d 1, 7, 485 N.E.2d 312.) At issue, however, is the authority of the Department to file an action with the Commission after expiration of the statutorily mandated filing period. The doctrine of primary jurisdiction, therefore, is inapplicable.

■ Kindzred's final threshold argument is that On-Line failed to exhaust all administrative remedies before filing an action in the circuit court. When an agency's authority to act is attacked, the circuit court has jurisdiction to consider the merits of the claim, regardless of whether administrative remedies were exhausted. (*Peoples Energy Corp.*, 142 Ill. App. 3d at 932.) Here, On-Line sought a declaration that the Department had no statutory authority to file an action against it. The exhaustion of remedies doctrine did not preclude consideration of On-Line's complaint. See *County of Kane v. Carlson* (1987), 116 Ill. 2d 186, 199, 507 N.E.2d 482.

## II

The principal issue is whether the circuit court erred in concluding that the Department was time-barred from filing a complaint with the Commission based upon Kindzred's charge.

The Act allows an asserted victim of prohibited discrimination 180 days after the date of the alleged violation to file a charge with the Department, which then may conduct an investigation. (Ill. Rev. Stat. 1989, ch. 68, par. 7A—102(A)(1).) The Act provides for the following time limit:

"(G) Time Limit. (1) When a charge of a civil rights violation has been properly filed, the Department, within 300 days thereof or within any extension of that period agreed to in writing by all parties, shall either issue and file a complaint in the manner and form set forth in this Section or shall order that no complaint be issued. ***

(2) Within 30 days of the expiration of the 300-day period or such longer period as shall have been agreed upon pursuant to subparagraph (1), the aggrieved party may file a complaint with the Commission, if the Department has not sooner filed a complaint or ordered that no complaint be issued. *** The aggrieved party shall notify the Department that a complaint has been filed and shall serve a copy of the complaint on the Department on the same date that the complaint is filed with the Commission. Upon such notice, the Department shall cease processing the charge.

(3) Unless and until the aggrieved party files a complaint with the Human Rights Commission pursuant to paragraph (2) of this subsection, the Department shall continue its investigation and conclude it with the greatest promptness that is administratively feasible." (Ill. Rev. Stat. 1989, ch. 68, par. 7A—102(G).)

The Act also requires that within 10 days of receiving a charge, the Department must notify the complainant of his or her individual right to file a complaint with the Commission. Ill. Rev. Stat. 1989, ch. 68, par. 7A—102(B).

The language of the Act regarding filing limitations is directory rather than mandatory. Section 7A—102(G)(2) provides that an aggrieved party may file a complaint with the Commission and, if she does so, the Department must be notified; only then shall the Department "cease processing the charge." The Department retains jurisdiction over the matter following expiration of the initial 300-day period,

therefore, as the complainant's notification otherwise would be unnecessary. Section 7A—102(B) charges the Department with the obligation to inform a complainant of her "option" to file a complaint with the Commission, and the dates within which such option may be exercised. Further, section 7A—102(G)(3) provides for a continued investigation by the Department unless the aggrieved party has filed a complaint within the 30-day period. *Cf.* 42 U.S.C. §2000e—5(f)(1) (1988); *Occidental Life Insurance Co. v. Equal Employment Opportunity Comm'n* (1977), 432 U.S. 355, 360-61, 53 L. Ed. 2d 402, 407-08, 97 S. Ct. 2447, 2451 (analogous interpretation of similar procedures under Title VII of the Civil Rights Act of 1964).

In *Pace v. Human Rights Comm'n* (1989), 187 Ill. App. 3d 16, 21, 542 N.E.2d 1277, the appellate court held that the filing requirements under the Act were directory rather than mandatory, noting that the 30-day "window" period provided an optional, alternative method by which an aggrieved party may proceed if not satisfied with progress made by the Department. Similarly in *Wildwood Industries v. Human Rights Comm'n* (1991), 220 Ill. App. 3d 12, 580 N.E.2d 172, *appeal denied* (1992), 143 Ill. 2d 649, which is analogous to the case *sub judice*, defendants filed charges with the Department alleging that plaintiff, their employer, committed acts of sexual harassment and sex discrimination in violation of the Act. After more than two years had elapsed, the Department filed complaints against plaintiff with the Commission. Plaintiff filed a complaint in the circuit court alleging that the Commission lacked jurisdiction over the untimely complaints and petitioned for injunctive relief; defendants' motion to dismiss was granted, and the appellate court affirmed. The language of the Act and its legislative history were found to indicate that the 300-day time limit was not obligatory. A mandatory 300-day filing period would render meaningless the provision in section 7A—102(G)(3) requiring continued investigation by the Department. Further, the statutory scheme "envisions a use for the reports of the investigations after the end of the 300-day period even when that period has not been extended by consent." *Wildwood Industries*, 220 Ill. App. 3d at 21.

◼ Plaintiff urges this court to follow *Springfield-Sangamon County Regional Plan Comm'n v. Fair Employment Practices Comm'n* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307, in which the 180-day filing period under the Act's predecessor, the Fair Employment Practices Act (FEPA) (Ill. Rev. Stat. 1967, ch. 48, par. 851 *et seq.*), was held to impose a mandatory time limit. The supreme court reasoned that the remedial features upon which the FEPA was based would be hampered by periods of inaction, and extended delays in the filing

process would increase the financial burden on employers. (*Springfield-Sangamon*, 71 Ill. 2d at 68.) Subsequently, however, the United States Supreme Court held that a claimant who timely had filed a charge with the State under the FEPA had a property interest in the statutory procedures provided for redressing discriminatory actions and could not be deprived of the opportunity to have her charges heard simply because the State had failed to meet a filing deadline. (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 431-32, 71 L. Ed. 2d 265, 274-75, 102 S. Ct. 1148, 1155.) *Logan*, therefore, departed from the holding in *Springfield-Sangamon*. See *Franks v. Tucker* (1985), 132 Ill. App. 3d 455, 462-63, 476 N.E.2d 1315.

Here, as in *Wildwood Industries*, the complainant filed charges with the Department and did not exercise her right to file a complaint with the Commission within the 30-day "window" period. After an exhaustive review of authority and a detailed analysis of the Act's legislative history, the court in *Wildwood Industries* held that the 300-day limitation period of section 7A—102(G)(1) is not mandatory. On-Line has not persuaded us to depart from that holding.

Further, this court has followed *Logan* on several occasions, holding that complainants had property interests in their civil rights claims under the Act or the FEPA and could not be denied redress due to an agency's failures to file timely charges with the Commission. (See, *e.g., Revoal v. Illinois Human Rights Comm'n* (1984), 128 Ill. App. 3d 70, 73-74, 470 N.E.2d 54; *Sauers v. City of Woodstock* (1983), 113 Ill. App. 3d 892, 900, 446 N.E.2d 896; *McClandon v. Bell & Howell Schools* (1983), 112 Ill. App. 3d 367, 371-72, 445 N.E.2d 362; *Lott v. Governors State University* (1982), 106 Ill. App. 3d 851, 854, 436 N.E.2d 569.) Similarly, Kindzred was denied the opportunity to seek a remedy because of the Department's failure to file a complaint with the Commission within the 300-day period.

The Department's dilatoriness in investigating and acting upon Kindzred's charge, however, is irremissible. Our supreme court has noted:

> "Periods of inactivity on behalf of the [Department] would tend to hamper the remedial and reconciliatory procedures which underlie the very purpose[s] of the [Act]. The statutory time period, chosen by the legislature, seeks to balance the rights of an aggrieved individual who has suffered supposed discrimination against the rights of those charged under the Act *to have a prompt determination of the validity of the claim lodged against them.*" (Emphasis added.) (*Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 36, 428 N.E.2d 489.)

A prompt evaluation of pending charges serves the interests of all parties; the Department's undue delay frustrates the purposes of the Act.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded with directions.

SCARIANO and McCORMICK, JJ., concur.