THE CITY OF CHICAGO, Plaintiff-Appellee, v. KRISJON CONSTRUCTION COMPANY, Defendant-Appellant.

First District (3rd Division)   No. 1—92—1429

Opinion filed January 20, 1993.

James J. Graney, of Aurora, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Mardell Nereim, and Bobbie McGee Gregg, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:
Defendant, Krisjon Construction Company (Krisjon), appeals from an order granting summary judgment against it and in favor of plaintiff, the City of Chicago, and from a permanent injunction entered against it requiring it to stop accepting waste on its two sites and to remove all waste from both locations pursuant to section 11—4—1500 of the Environmental Protection and Control Ordinance (ordinance). (Chicago Municipal Code §11—4—1500 (1990).) We affirm.

The issues before this court for review are: (1) whether the trial court erred in granting plaintiff's motion for summary judgment; and (2) whether the trial court erred when it issued a permanent injunction against defendant.

On June 27, 1990, plaintiff filed an action against A & W Cartage, K-Five Construction Corp., Lindahl Brothers, Inc., and M C C Contractors, Inc. (MCC). The complaint alleged that MCC was operating solid waste dump sites located at 915 South Kildare Avenue in Chicago, Illinois (Kildare site), and at 2600 West Taylor Street in Chicago, Illinois, in violation of section 11—4—1500 of the ordinance. (Chicago Municipal Code §11—4—1500 (1990).) Plaintiff al-

leged that A & W Cartage, K-Five Construction Co. and Lindahl Brothers, Inc., illegally delivered, abandoned and disposed of waste at the Kildare site. Plaintiff sought civil penalties and injunctive relief from MCC.

In September of 1990, MCC filed for bankruptcy. Krisjon then took over the operation of the Kildare site from MCC. At that time, Krisjon also operated another site located at 2100 South Kostner Avenue in Chicago, Illinois (Kostner site). Krisjon was substituted as defendant in this action by an order entered on September 12, 1990.

On November 20, 1990, plaintiff and defendant entered into an agreed order for the regulation of the Kildare site wherein plaintiff allowed defendant to screen and sell the dirt on site. Defendant, however, was required by the order to test the dirt for any hazardous substances and to provide copies of the test results to the Chicago Department of Consumer Services.

On June 10, 1991, plaintiff filed its second amended complaint. Counts IV and XI of the complaint alleged that defendant was disposing of waste at the Kildare and Kostner sites without a permit, in violation of section 11—4—1500 of the ordinance. (Chicago Municipal Code §11—4—1500 (1990).) Plaintiff prayed for civil penalties and injunctive relief.

On November 14, 1991, plaintiff filed a motion for a preliminary injunction requesting that defendant's operations at the Kildare and Kostner sites be enjoined on the basis that defendant was disposing of waste on the premises in question without a permit, in violation of section 11—4—1500 of the ordinance and because defendant was operating sites which constituted a public and private nuisance. (Chicago Municipal Code §11—4—1500 (1990).) After a hearing, the trial court denied plaintiff's motion on the basis that plaintiff failed to establish that the material on the sites was waste within the meaning of the ordinance or that the operation of the sites constituted a private or public nuisance.

On December 4, 1991, defendant filed a motion for summary judgment on counts IV and XI of plaintiff's second amended complaint. Defendant argued that it was not disposing of materials at its sites which constituted waste within the meaning of section 11—4—1500 of the ordinance. (Chicago Municipal Code §11—4—1500 (1990).) On December 20, 1991, plaintiff filed a cross-motion for summary judgment on the same two counts requesting a ruling that the materials on the Kildare and Kostner sites were waste pursuant

to section 11—4—1500 of the ordinance. Chicago Municipal Code §11—4—1500 (1990).

During the hearing on the parties' motions for summary judgment, John Christopher, the president of Krisjon, testified by affidavit that defendant engaged in "[t]rucking, excavation [and] sewer work." Christopher admitted that more than 60% of defendant's income was derived from "tipping" fees of $10 to $80 collected from haulers as compensation for allowing them to dump debris at the Kostner and Kildare sites.

Defendant allowed haulers to dump broken concrete, rebar, asphalt and mixed dirt at the Kildare site. The material received at the Kildare site was spread over more than four acres on the site and remained in a pile which stood 25 feet to 30 feet high. Christopher described this material as "construction debris." He further testified that defendant ran a "rock-crushing operation" at the Kildare site. Christopher stated in an affidavit that between September of 1990, when defendant assumed operation of the site, until the date of his affidavit, defendant crushed 51,000 tons of concrete and screened 8,000 loads of dirt. Christopher later admitted during a discovery deposition, however, that no such activity occurred between the time defendant assumed operation of the site and October 1, 1991, the date of the deposition.

Defendant received broken asphalt, sand, stone and clay at the Kostner site. The debris was piled 10 feet to 30 feet high and spread across more than 70,000 square feet. Christopher initially described the Kostner site as a "construction yard." Christopher later admitted that defendant never processed any of the dumped materials at the site.

On January 10, 1992, the trial court conducted a hearing on both motions and later ruled in plaintiff's favor. The trial court ruled that the construction debris on both the Kildare and Kostner sites was waste pursuant to section 11—4—1500 of the ordinance. (Chicago Municipal Code §11—4—1500 (1990).) The trial court entered summary judgment in favor of plaintiff on the grounds that "defendants accepted and stored construction debris at their sites without a permit in violation of section 11—4—1500 of the Municipal Code." Chicago Municipal Code §11—4—1500 (1990).

On March 20, 1992, the trial court conducted a hearing concerning the appropriate remedy to be imposed upon defendant. Plaintiff presented the calculations of one of its environmental engineers as to the amount of time it would take to remove waste from the Kostner and Kildare sites. The engineer calculated that it would

take from 6 to 25 months to remove all of the waste from the Kildare site, and between 1.6 and 8½ months to remove all of the waste from the Kostner site, depending upon the type and amount of equipment used to remove the materials. Defendant failed to offer any evidence as to the amount of time it would take to clear both sites.

On April 1, 1992, the trial court permanently enjoined defendant from receiving additional waste at either site and from processing any waste located on the Kildare site after 12 months from the date of the entry of the order. The trial court also ordered defendant to remove all debris from the Kildare site within 30 months and from the Kostner site within six months. The trial court stayed enforcement of this order pending an appeal. This appeal followed.

First, defendant contends that the trial court erred in granting plaintiff summary judgment for the following reasons: (1) because there was a genuine issue of material fact as to whether the debris located on the sites was waste within the meaning of section 11–4–1500 of the ordinance (Chicago Municipal Code §11–4–1500 (1990)); (2) because the debris on the sites in question constituted recyclable material but not waste pursuant to section 11–4–120 of the ordinance (Chicago Municipal Code §11–4–120 (1990)); (3) because the ordinance itself violates the Illinois Constitution (Ill. Const. 1970, art. VII, §6(a)); and (4) because the trial court's interpretation and application of section 11–4–1500 of the ordinance (Chicago Municipal Code §11–4–1500 (1990)) violates the Environmental Protection Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1001 *et seq.*), the Solid Waste Planning and Recycling Act (Ill. Rev. Stat. 1989, ch. 85, par. 5951 *et seq.*), Solid Waste Management Act (Ill. Rev. Stat. 1989, ch. 111½, par. 7051 *et seq.*), the Local Solid Waste Disposal Act (Ill. Rev. Stat. 1989, ch. 85, par. 5901 *et seq.*), and public policy to the extent that it defined the debris in question as waste. Plaintiff maintains that the trial court's ruling was proper because the dumping at the Kildare and Kostner sites occurred in violation of relevant provisions of the ordinance. Chicago Municipal Code §§11–4–060, 11–4–120, 11–4–1500 (1990).

The primary issue on an appeal of a trial court's grant of a motion for summary judgment is whether there was an issue of material fact upon which to base a reversal of the trial court's order. "Summary judgment is appropriate only when the pleadings, depositions, admissions and affidavits in the record present no genuine issue of material fact." (*Palomar v. Metropolitan Sanitary District of Greater Chicago* (1992), 225 Ill. App. 3d 182, 188, **587**

N.E.2d 1067, 1071.) The movant for summary judgment must show a clear legal right thereto. *Village of Glenview v. Northfield Woods Water & Utility Co.* (1991), 216 Ill. App. 3d 40, 47, 576 N.E.2d 238, 243.

■■ We find that the trial court's grant of plaintiff's motion for summary judgment in the present case was proper, as plaintiff has shown that it had a clear legal right to summary judgment and there was no question of material fact concerning the issue of whether the materials on the sites operated by defendant constituted waste within the meaning of the ordinance. (Chicago Municipal Code §11—4—1500 (1990).) Under its constitutionally delegated home-rule authority, plaintiff has plenary power to regulate waste dumping within its municipal limits. (Ill. Const. 1970, art. VII, §6(a); see also *County of Cook v. John Sexton Contractors Co.* (1979), 75 Ill. 2d 494, 511, 389 N.E.2d 553, 558.) The record in the present case shows that defendant received waste at the Kildare and Kostner sites without obtaining a requisite permit. Section 11—4—1500 of the ordinance provides in relevant part:

"No persons shall (1) cause or allow the open dumping of any waste, *** (3) dispose, treat, abandon or transport any waste, except at a site or facility which meets the requirements of the Illinois Environmental Protection Act and which is permitted pursuant to this chapter.

Disposal or treatment of any waste without a permit is hereby declared to be a nuisance." Chicago Municipal Code §11—4—1500(e) (1990).

The ordinance defines waste as "any discarded or abandoned material in solid *** form, including but not limited to *** municipal waste." (Chicago Municipal Code §11—4—120 (1990).) "Municipal waste" is "construction or demolition debris." (Chicago Municipal Code §11—4—120 (1990).) The material dumped at the Kildare and Kostner sites consists of asphalt, broken concrete, sand, clay and stone. According to the ordinance, these items constitute construction debris. Construction debris is specifically included in the statutory definition of waste. The ordinance therefore clearly defines the debris on defendant's sites as waste. A trial court is not at liberty to ignore plain and unambiguous statutory language. (*Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661.) Accordingly, we find that the trial court's grant of summary judgment was proper. The record shows that the debris on the Kostner and Kildare sites constitutes waste within the meaning of

section 11—4—1500 of the ordinance. Chicago Municipal Code §11—4—1500 (1990).

Defendant argues that the trial court erred in granting summary judgment to plaintiff on the basis that the ordinance defines municipal waste as recyclable material and not waste. Although section 11—4—120 of the ordinance defines municipal waste as recyclable material, for the aforementioned reasons, defendant's contention that the trial court's grant of summary judgment on the basis that it was recyclable material and not waste does not pass muster. Chicago Municipal Code §11—4—120 (1990). See *City of Chicago v. Asphalt Recovery Systems, Inc.* (1992), 231 Ill. App. 3d 77, 82-83 (this court rejected the argument that asphalt and other construction debris does not constitute waste pursuant to the ordinance); *City of Chicago v. Piotrowski* (1991), 215 Ill. App. 3d 829, 834-35, 576 N.E.2d 64, 67-68 (this court affirmed an order enjoining defendant from operating a waste disposal site in violation of an earlier version of the ordinance).

■ Defendant also contends that the trial court erred in granting plaintiff's motion for summary judgment because the ordinance itself violates the Illinois Constitution. Specifically, defendant, in reliance upon *County of Cook v. John Sexton Contractors Co.* (1979), 75 Ill. 2d 494, 514-15, 389 N.E.2d 553, 559-60, argues that a local home rule unit's ordinances must be consistent with Illinois State environmental laws, that the ordinance in the present case was inconsistent with State law and that the ordinance therefore violates the Illinois Constitution to the extent that it defines the debris in question as waste. As we noted above, and as defendant concedes, plaintiff has plenary power to regulate waste disposal within its limits pursuant to the 1970 Constitution. (Ill. Const. 1970, art. VII, §6(a).) State regulation of an area does not preclude regulation of the same area by a home rule entity unless the General Assembly has acted to limit or exclude the home rule unit's powers. (*John Sexton Contractors Co.*, 75 Ill. 2d at 510-11, 389 N.E.2d at 558.) A home rule unit may legislate concurrently with the General Assembly on environmental control. (*John Sexton Contractors Co.*, 75 Ill. 2d at 513-14, 389 N.E.2d at 559.) The trial court's classification of the debris in question as waste was not precluded by provisions of the Environmental Protection Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1001 *et seq.*), the Solid Waste Planning and Recycling Act (Ill. Rev. Stat. 1989, ch. 85, par. 5951 *et seq.*), the Solid Waste Management Act (Ill. Rev. Stat. 1989, ch. 111½, par. 7051 *et seq.*), and the Local Solid Waste Disposal Act (Ill. Rev. Stat. 1989, ch. 85, par.

5901 *et seq.*). Accordingly, plaintiff in the present case has constitutional authority to regulate defendant and to define materials dumped upon the subject sites as waste. Defendant's argument that the ordinance violates the Illinois Constitution therefore fails.

In addition, defendant's argument that the trial court erred in, granting plaintiff summary judgment because its classification of the debris in question as waste was contrary to certain State environmental laws and public policy is erroneous. Above, we found that the trial court's classification of the debris in question as waste was not precluded by certain State environmental laws. See Ill. Rev. Stat. 1989, ch. 111½, par. 1001 *et seq.*; Ill. Rev. Stat. 1989, ch. 85, par. 5951 *et seq.*; Ill. Rev. Stat. 1989, ch. 111½, par. 7051 *et seq.*; Ill. Rev. Stat. 1989, ch. 85, par. 5901 *et seq.*

Furthermore, the public policy of the State of Illinois as articulated in the 1970 Constitution concerning waste disposal is "to provide and maintain a healthful environment for the benefit of this and future generations." (Ill. Const. 1970, art. XI, §1.) Illinois public policy with respect to waste dumping was also articulated· in section 20 of the Environmental Protection Act, wherein the General Assembly noted that "excessive quantities of refuse and inefficient and improper methods of refuse disposal result in scenic blight, cause serious hazards to public health and safety, create public nuisances, divert land from more productive uses, depress the value of nearby property, offend the senses and otherwise interfere with community life and development." (Ill. Rev. Stat. 1989, ch. 111½, par. 1020; see also Ill. Rev. Stat. 1989, ch. 85, par. 5901.1; Ill. Rev. Stat. 1989, ch. 85, par. 5952(b); *O'Connor v. City of Rockford* (1972), 52 Ill. 2d 360, 366, 288 N.E.2d 432, 435.) The ordinance is consistent with the State's public policy concerning waste. (Chicago Municipal Code §§11—4—120, 11—4—1500 (1990).) The ordinance was enacted in an effort to "maintain and improve environmental control practices" within the City of Chicago. (Chicago Municipal Code §11—4—060 (1990).) Sections 11—4—120 and 11—4—1500 of the ordinance define waste to include materials which plaintiff has received on its sites without a permit. (Chicago Municipal Code §§11—4—120, 11—4—1500 (1990).) Thus, the trial court's application of the ordinance to the present case, its classification of the material found on plaintiff's sites as waste and its subsequent grant of summary judgment for plaintiff was well in accordance with State environmental laws and public policy. Accordingly, we conclude that the trial court did not err in granting plaintiff's motion for summary judgment.

■ The final issue before this court for review is whether the trial court erred in issuing a permanent injunction against defendant. Defendant contends that even if the materials on its sites constituted waste, the trial court's issuance of an injunction requiring it to clean up the sites was an abuse of discretion. Defendant makes three arguments in support of its claim that the trial court abused its discretion by enjoining it from accepting waste at the Kostner and Kildare sites and to remove all waste from said sites pursuant to section 11—4—1500 of the ordinance. (Chicago Municipal Code §11—4—1500 (1990).) First, defendant claims that the trial court did not have the authority to enjoin it for its violation of section 11—4—1500 of the ordinance because that section does not specifically authorize the issuance of an injunction to remedy a violation thereof. (Chicago Municipal Code §11—4—1500 (1990).) Second, defendant claims that the trial court abused its discretion by not giving it a reasonable amount of time to comply with the injunction. Finally, defendant claims that the trial court erred because it did not require plaintiff to show that its operations injured the public health or environment. Plaintiff maintains that the trial court properly enjoined defendant from continuing to operate the sites, as their operation violated section 11—4—1500 of the ordinance. Chicago Municipal Code §11—4—1500 (1990).

Defendant's assertion that there was no provision in the ordinance granting the trial court the authority to enjoin its operations is incorrect. Section 11—4—030 of the ordinance authorizes the Commissioner of Consumer Services to "initiate proceedings to bring about the abatement of pollution sources *** which constitute a public nuisance as herein defined." (Chicago Municipal Code §11—4—030(17) (1990).) "Waste" is defined by the ordinance as "any discarded or abandoned material in solid *** form, including but not limited to *** municipal waste." (Chicago Municipal Code §11—4—120 (1990).) "Municipal waste" is "construction or demolition debris." (Chicago Municipal Code §11—4—120 (1990).) Waste dumping without a permit constitutes a violation of section 11—4—1500(e) of the ordinance. (Chicago Municipal Code §11—4—1500(e) (1990).) A public nuisance may be abated by injunction. (*Village of Wilsonville v. S C A Services, Inc.* (1981), 86 Ill. 2d 1, 27-28, 426 N.E.2d 824, 837; *City of Chicago v. Cecola* (1979), 75 Ill. 2d 423, 429, 389 N.E.2d 526, 528; *City of Chicago v. Asphalt Recovery Systems, Inc.* (1992), 231 Ill. App. 3d 77, 82-83; *City of Chicago v. Fritz* (1962), 36 Ill. App. 2d 457, 465-66, 184 N.E.2d 713, 716-17.) The trial court

therefore had the authority to issue an injunction against defendant and did not abuse its discretion in so doing.

In addition, we are not persuaded by defendant's claim that the trial court abused its discretion by not allowing a reasonable amount of time for compliance with the order. We find that the trial court's allotment of time for compliance with its injunction was reasonable and proper. The order grants defendant six months to remove waste from the Kostner site and 30 months to remove waste from the Kildare site. Plaintiff requested shorter periods of time for the cleanup. During a hearing, plaintiff presented evidence concerning the amount of time it would take to clear the sites. Defendant, however, offered no evidence as to how long it would take to remove waste from the two sites. Under the circumstances, the trial court did not abuse its discretion.

Finally, plaintiff was entitled to obtain injunctive relief against defendant's conduct without making a showing that defendant's operations posed any injury to the public health or environment. (*Sadat v. American Motors Corp.* (1984), 104 Ill. 2d 105, 111-12, 470 N.E.2d 997, 1000-01; *City of Chicago v. Piotrowski* (1991), 215 Ill. App. 3d 829, 834-35, 576 N.E.2d 64, 67-68.) Where a statute authorizes injunctive relief, the plaintiff need only show that the defendant has violated the statute in question. (*Piotrowski*, 215 Ill. App. 3d at 834-35, 576 N.E.2d at 67-68.) Although section 11—4—1500 of the ordinance does not explicitly authorize injunctive relief, it provides that the disposal or treatment of waste without a permit is a nuisance. (Chicago Municipal Code §11—4—1500(e) (1990).) As we noted above, a public nuisance may be abated by injunction. (See *City of Chicago v. Cecola* (1979), 75 Ill. 2d 423, 429, 389 N.E.2d 526, 528; *City of Chicago v. Asphalt Recovery Systems, Inc.* (1992), 231 Ill. App. 3d 77, 79-82. The ordinance in effect, therefore, authorizes injunctive relief. In the present case, plaintiff proved that defendant was operating a waste dump in violation of section 11—4—1500 of the ordinance. (Chicago Municipal Code §11—4—1500 (1990).) We conclude that the trial court properly enjoined defendant from continuing to operate its waste disposal sites.

For the aforementioned reasons, we affirm the order of the circuit court.

Affirmed.

CERDA and GREIMAN, JJ., concur.