CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, d/b/a CF Motorfreight, Plaintiff-Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—97—0919

Opinion filed June 9, 1999.

Jeffrey L. Madoff and Tammy D. McCutchen, both of Matkov, Slazman, Madoff & Gunn, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solici-

tor General, and Jill A. Dougherty, Assistant Attorney General, of counsel), for appellees.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:
We review the dismissal of a complaint for injunctive relief that seeks to compel the Illinois Human Rights Commission (Commission) and the Department of Human Rights (the Department) to honor a settlement agreement between plaintiff and one of its employees. The complaint further seeks to enjoin the Commission and the Department from further consideration of the charges filed with the Department by the employee. The Commission and the Department filed a motion to dismiss under section 2—619(a)(1) of the Illinois Code of Civil Procedure, alleging that plaintiff, Consolidated Freightways Corporation (Consolidated), failed to exhaust administrative remedies. 735 ILCS 5/2—619(a)(1) (West 1996). We agree and affirm.

The facts are undisputed. Consolidated employee Ronald E. Sessler was involved in a dispute with a fellow employee. Sessler filed a discrimination charge against Consolidated with the Department of Human Rights. Sessler alleged sexual harassment by the fellow employee and charged that Consolidated failed to take remedial action, violating the Human Rights Act. 775 ILCS 1/1—101 *et seq.* (West 1996). Sessler later abandoned the charge against his fellow employee in the course of settlement discussions.

The Department held a fact-finding conference. Consolidated signed a settlement agreement with Sessler on February 7, 1996. The Department approved the settlement agreement and submitted it to the Human Rights Commission for approval on February 16, 1996.

Sessler sent a letter to the Department on February 29, 1996, before the Commission acted on the settlement. He alleged that he signed the agreement under duress. The Department responded by withdrawing the agreement from Commission consideration. The file was then returned to an investigator for further investigation.

Consolidated did not learn of these developments until June 10, 1996. Consolidated immediately objected to further proceedings. In response, the Department retendered the agreement to the Commission, along with Sessler's claim that he had signed under duress. The Commission rejected the agreement in an order dated September 6, 1996, and remanded the matter to the Department for further proceedings.

Consolidated responded by filing the complaint that is the subject of this appeal. Consolidated argues that we must reverse the trial court because: (1) Consolidated is not required to exhaust administrative remedies in this case; and (2) this case is analogous to *On-Line Financial Services, Inc. v. Department of Human Rights*, 228 Ill. App.

3d 99, 103, 592 N.E.2d 509 (1992), where we held that the exhaustion doctrine does not apply where the challenge is to an agency's authority to act. Consolidated claims that the Commission exceeded its authority when it remanded the matter after the settlement agreement was signed. Consolidated also argues that seeking further administrative review would be futile and would cause irreparable harm.

Defendants respond, as they did in the trial court, that the complaint does not plead facts to show the Commission exceeded its authority. Defendants maintain the complaint is an attack on the discretionary authority of the Commission to reject a settlement agreement under certain conditions. They go on to argue, for the first time on appeal, that the Human Rights Act vests exclusive authority to review a decision of the Commission in the appellate court under Supreme Court Rule 335. 134 Ill. 2d R. 335. This latter argument introduces a jurisdictional wrinkle into an otherwise straightforward case. Since we must always examine our jurisdiction, we address this issue first.

The parties to this appeal agree that the order of the Commission was interlocutory. Before January 1, 1996, section 8—111(A)(1) of the Human Rights Act only allowed for direct review of final orders of the Commission by this court. 775 ILCS 1/8—111(A)(1) (West 1996). A pair of amendments to the Act, effective January 1, 1996, created a procedure analogous to Supreme Court Rule 308. We may now review questions of law certified by the Commission. But as Consolidated points out in its reply brief, the amendments were prospective only and could not apply to Sessler's charges filed in 1995, even if the Commission had certified the question.

Under the circumstances of this case, Consolidated argues, a party aggrieved by an interlocutory order of an administrative agency must seek relief in the circuit court if it believes the agency exceeded its authority, the party will suffer irreparable harm, or further pursuit of administrative relief is futile. We agree.

■ An action for injunctive relief implicates the original jurisdiction of the circuit court. *Marsh v. Illinois Racing Board*, 179 Ill. 2d 488, 689 N.E.2d 1113 (1997). See, *e.g.*, *Village of Maywood Board of Fire & Police Commissioners v. Department of Human Rights*, 296 Ill. App. 3d 570, 695 N.E.2d 873 (1998); *Christ Hospital & Medical Center v. Human Rights Comm'n*, 271 Ill. App. 3d 133, 648 N.E.2d 201 (1995); *Office of the Lake County State's Attorney v. Human Rights Comm'n*, 235 Ill. App. 3d 1036, 601 N.E.2d 1294 (1992); *Luckett v. Human Rights Comm'n*, 210 Ill. App. 3d 169, 569 N.E.2d 6 (1989); *Office of the Lake County State's Attorney v. Human Rights Comm'n*, 200 Ill. App. 3d 151, 558 N.E.2d 668 (1990).

■ No court has yet suggested that Supreme Court Rule 335 vests the appellate court with original jurisdiction over complaints for injunctive or declaratory relief from interlocutory orders of administrative agencies whose final orders are directly reviewable by this court. Supreme Court Rule 335 provides a "procedure for a statutory direct review of orders of an administrative agency." 134 Ill. 2d R. 335. But the scope of "statutory direct review" under Supreme Court Rule 335, as we read the rule, is limited by the underlying statutory scheme that creates direct appellate review. Under the Human Rights Act and the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1996)), this means only final orders (see *Marsh*, 179 Ill. 2d at 1117), and now, those interlocutory orders made reviewable by the 1996 amendments to the Human Rights Act. See *Niles Township High School District 219 Board of Education v. Niles Township Federation of Teachers, Local 1274*, 295 Ill. App. 3d 510, 512-13, 692 N.E.2d 700, 702 (1998). We believe the circuit court retains traditional jurisdiction to entertain complaints for injunctive and declaratory relief when the threshold question before the court is whether administrative remedies must be exhausted. That was the question in this case, and the question the trial court answered. So we have jurisdiction to review the court's order under Supreme Court Rule 303. 155 Ill. 2d R. 303.

■ Consolidated relies on *County of Kane v. Carlson*, 116 Ill. 2d 186, 199, 507 N.E.2d 482 (1987), for the four circumstances where a party is not required to exhaust administrative remedies before filing suit: (1) the authority of the agency to act is challenged; (2) administrative review would be futile; (3) no question of fact is presented and agency expertise is not involved; and (4) irreparable harm would result from the further pursuit of administrative remedies. Consolidated then asserts that its complaint falls within each of these exceptions to the exhaustion requirement.

■ We review a section 2—619(a)(1) dismissal *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115-16, 619 N.E.2d 732 (1993). There are no disputed issues of material fact in this case that would preclude dismissal, so our review is confined to whether dismissal was precluded as a matter of law. *Kedzie*, 156 Ill. 2d at 116. Consolidated's theory that the Commission exceeded its authority to act in this case is based on the allegation in the complaint that the Commission ignored its own regulation in the Illinois Administrative Code.

■ Section 5300.320 of the State of Illinois Human Rights Commission regulations (56 Ill. Adm. Code § 5300.320 (1996)) reads:

> "Proposed terms of settlement shall be considered by a three member panel of the Commission. If the proposed terms are unam-

biguously drawn, not inconsistent with the Act, and knowingly and voluntarily entered into, the Commission shall approve them by entering an order incorporating the terms of settlement and dismissing the charge pursuant thereto. Said order shall be served by the Commission on the department and the parties."

Consolidated admits that the Commission rejected the settlement agreement because it was, in the opinion of the Commission, "not knowingly and voluntarily entered into." The Commission's order remanding the matter says as much. But Consolidated argues that there are no Illinois cases that have interpreted the "knowingly and voluntarily" requirement to allow a party to invalidate a contract simply because one party "belatedly simply changed his mind."

■ The argument misconstrues the exhaustion of remedies doctrine. The doctrine permits a party to bypass administrative review when an administrative agency enters an order it has no authority to enter. It does not permit a party to bypass administrative review when the agency exercises its authority but misapplies settled law to the facts before it. Even assuming Consolidated is correct and that the settlement agreement was knowingly and voluntarily entered into in this case, the Commission is charged under its regulation with making that finding. Implicit in the authority to decide an issue is the possibility that one might blunder. A blunder by an administrative agency in the normal exercise of its regulatory power is why we have the Administrative Review Law.

We have been over this ground on more than one occasion. In *City of Chicago v. Piotrowski*, 215 Ill. App. 3d 829, 576 N.E.2d 64 (1991), Justice DiVito wrote:

"Generally, one may not seek judicial relief from an administrative action unless he has first exhausted all administrative remedies available to him. [Citation.] An exception to the exhaustion of remedies rule exists where a party attacks the constitutionality of a statute on its face. [Citation.] If, however, the complaint is not that the statute is unconstitutional on its face, but that it has been applied in a 'discriminatory or arbitrary manner,' the party must first seek relief through the administrative remedies provided. [Citation.] There are well-established reasons for this rule: '(1) it allows full development of the facts before the agency; (2) it allows the agency an opportunity to utilize its expertise; (3) the aggrieved party may succeed before the agency, rendering judicial review unnecessary.' [Citation.] The rule also allows administrative agencies to correct their own efforts, clarify their policies, and reconcile conflicts before judicial relief is sought. [Citations.]" *City of Chicago*, 215 Ill. App. 3d at 834.

These principles are applicable not only to an agency's interpreta-

tion of a statute, but to its interpretation of its own rules and regulations, and to the present case. Consolidated has argued that the Commission exceeded its authority, but the facts pled show that the Commission simply exercised its authority to interpret "knowingly and voluntarily" under section 5300.320. Whether the Commission acted in an arbitrary and capricious way in interpreting its own rules is a classic example of the kind of question raised on appeal, *after* administrative remedies have been exhausted. *Church v. State of Illinois*, 164 Ill. 2d 153, 646 N.E.2d 572 (1995).

Consolidated's backup arguments, that further administrative review would be futile and that it will suffer irreparable harm, comprise three paragraphs without a single citation to authority that might apply to the facts of this case. An argument without citation to authority will not be considered. *Brown v. Tenney*, 125 Ill. 2d 348, 532 N.E.2d 230 (1988).

Finally, Consolidated argues that the facts of this case are analogous to *On-Line Financial Services, Inc. v. Human Rights Comm'n*, 228 Ill. App. 3d 99, 103, 592 N.E.2d 509 (1992). The facts are not analogous. The Department of Human Rights in *On-Line* ordered an employee to attend a mandatory fact-finding conference three years after the charge had been filed. The Human Rights Act prohibits the Department from filing a complaint 300 days after a charge is filed. 775 ILCS 5/7A—102(G) (West 1996). The *On-Line* court ultimately decided that the statutory 300-day limit was directory, but it upheld the right of the employee to challenge in the circuit court the issue of whether the Department had jurisdiction to file a complaint beyond the 300 days.

Consolidated argues that since section 5300.320 is mandatory, if its requirements for settlement are met, the refusal of the Commission to sign off on the settlement should meet the exception to the exhaustion doctrine. Again, Consolidated overlooks the order of the Commission. The Commission did not ignore its regulation, nor did it do something it was not authorized to do under the regulation. The Commission followed the guidelines set out in the regulation and found the requirements for a settlement agreement had *not* been met. The Commission's order was clearly within the scope of its authority.

Affirmed.

BURKE and McBRIDE, JJ., concur.