NILES TOWNSHIP HIGH SCHOOL DISTRICT 219 BOARD OF EDUCATION, Petitioner-Appellant, v. NILES TOWNSHIP FEDERATION OF TEACHERS, LOCAL 1274, IFT/AFT, AFL/CIO, *et al.*, Respondents-Appellees.

First District (3rd Division)   No. 1—96—4041

Opinion filed December 31, 1997.—Rehearing denied April 14, 1998.

Anthony G. Scariano and Jon G. Crawford, both of Scariano, Kula, Ellch & Himes, Chartered, of Chicago, for petitioner.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Marita Clare Sullivan, Assistant Attorney General, of counsel), for respondents.

JUSTICE LEAVITT delivered the opinion of the court:

On October 21, 1996, Niles Township High School District 219 (the District) filed two unfair labor practice charges with the Illinois Educational Labor Relations Board (the Board). Together, the charges named all of the appellees in this action as respondents. In the charges, the District alleged the appellees violated various provisions of the Illinois Educational Labor Relations Act (the Act) (115 ILCS 5/1 et seq. (West 1996)). Specifically, the District claimed, in both charges, the appellees violated the Act by striking before fulfilling statutory preconditions set forth in section 13(b) of that act. 115 ILCS 5/13(b) (West 1996).

The District asked the Board to seek an injunction in the circuit court pursuant to section 16(d) of the Act preventing the appellees from striking. That section provides the Board "may," upon issuance of a complaint, petition the circuit court for appropriate temporary relief or a restraining order. 115 ILCS 5/16(d) (West 1996). The parties briefed and argued the issue of whether the Board should seek injunctive relief in the circuit court. On October 29, 1996, the Board issued its decision denying the District's request that it seek injunctive relief. The Board found there was not reasonable cause to believe the Act had been violated, and there was no significant likelihood the District would prevail on the merits of its complaint.

On November 26, 1996, the District filed a petition for appeal with this court seeking review of the Board's October 29 order pursuant to Supreme Court Rule 335 (134 Ill. 2d R. 335). The issue before us is whether we have jurisdiction to entertain the District's appeal.

Put another way, we must determine whether the Board's October 29 action constituted a "final" and thus appealable order.

■ Supreme Court Rule 335 merely sets forth the procedure for statutory direct review of administrative agency orders. 134 Ill. 2d R. 335. It does not provide a remedy. Section 16 of the Act, however, does provide an avenue for appellate relief. It allows a party "aggrieved by a final order of the [Board]" to seek appellate review of that order "in accordance with the provisions of the Administrative Review Law." 115 ILCS 5/16(a) (West 1996). The applicable Administrative Review Law provision, section 3—101, defines final agency orders as those which "affect[ ] the legal rights, duties or privileges of parties and which terminate[ ] the proceedings before the administrative agency." 735 ILCS 5/3—101 (West 1996).

■ The Act defines the procedure for handling an unfair labor practice complaint. Once such a complaint is issued, the Board is required to hold a hearing on the charge at which time the parties may present evidence. 115 ILCS 5/15 (West 1996). The Board ultimately issues an order either finding an unfair labor practice and providing a remedy, or deciding the allegation of an unfair labor practice was unfounded.

■ Here, the District's charges against the appellees remain pending before the Board. An injunction was just one species of relief the District sought. It still maintains claims for monetary relief, declarations of Act violations, and an order to post notices. Moreover, no order "terminat[ing] the proceedings before the administrative agency" has been issued. 735 ILCS 5/3—101 (West 1996).

Having determined that neither the Act, the Administrative Review Law nor Supreme Court Rule 335 confers jurisdiction over this cause upon us, we turn to the District's alternative contention that we have jurisdiction pursuant to Supreme Court Rule 307. Supreme Court Rule 307 is found in article III, part A, of the supreme court rules, which is entitled "APPEALS FROM THE CIRCUIT COURT." 134 Ill. 2d R. 307. Specifically, Rule 307 is called "Interlocutory Appeals as of Right," and it gives litigants aggrieved by certain nonfinal circuit court orders, including orders "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction," a right to appeal such orders. 134 Ill. 2d R. 307(a)(1).

The District cites no case in which a court applied Rule 307 where the Board decided not to seek an injunction from the circuit court, and we found none. Instead, the District espouses the language of Rule 335 as authority for its assertion that we have jurisdiction here pursuant to Rule 307. Rule 335 relevantly reads: *"Insofar as appropriate*, the provisions of Rules 301 through 373 *** are applicable

to proceedings under this rule." (Emphasis added.) 134 Ill. 2d R. 335(h)(1).

As we have emphasized, the supreme court did not make Rules 301 through 373 applicable to all administrative review. On the contrary, only those rules which are appropriate to administrative review are made applicable. Not only is Supreme Court Rule 307 included in a section called "APPEALS FROM THE CIRCUIT COURT" but, also, its first sentence reads, "(a) An appeal may be taken to the Appellate Court from an interlocutory *order of court*: (1) *** refusing *** an injunction." (Emphasis added.) 134 Ill. 2d R. 307(a)(1). Based on that language, we do not find Rule 307 applicable to this dispute.

Although the District claims the Board abused its discretion in refusing to seek an injunction, it did not pursue the only avenue for immediate review available to it. That route was via section 13(b) of the Act, which reads:

> "If, *** in the opinion of an employer the strike is or has become a clear and present danger to the health or safety of the public, it may initiate in the circuit court of the county in which such danger exists an action for relief which may include, but is not limited to, injunction. The court may grant appropriate relief upon the finding that such clear and present danger exists." 115 ILCS 5/13(b) (West 1996).

Under section 13(b), an employer may itself seek injunctive relief in the circuit court even though the Board has not. This, in effect, serves as a form of review of the Board's decision not to pursue an injunction. However, if the activity an employer seeks to enjoin is not a threat to the health or safety of the public, the general rule, that nonfinal orders may not be immediately appealed, applies, and an employer must wait until a final order issues to pursue an appeal. Having forsaken the remedy provided in section 13(d), the District must now wait for a final Board order from which it may appeal.

For all of these reasons, we dismiss this appeal.

Appeal dismissed.

COUSINS, P.J., and CAHILL, J., concur.